(121 App. Div. 49)

SENGLAUP v. ACKER PROCESS CO.

(Supreme Court, Appellate Division, Fourth Department.   July 9, 1907.)

1. DAMAGES—MEASURE OF—INJURIES TO REAL PROPERTY.

The measure of damages to premises caused by escaping chlorine gas from a manufacturing plant may be either the difference, due to the gas coming from the manufactory, in the market value of the premises before injury and at the time of the commencement of the action therefor, or, if the restoration of the premises to their former condition is reasonably possible, the cost of such restoration.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages. §§ 273–278.]

2. SAME.

That a restoration may not be practicable as to all items of damage does not preclude proof as to those items in respect to which substantial repair may be made.

3. EVIDENCE—MARKET VALUE OF PROPERTY—RENTAL VALUE.

In an action for injuries to premises caused by escaping chlorine gas from a manufacturing plant, it was competent to prove the rental value of the premises prior to the commencement of the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 275.]

Appeal from Trial Term, Niagara County.

Action by Maggie A. Senglaup against the Acker Process Company for injuries to real estate.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed, and a new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, and KRUSE, JJ.

Alfred W. Gray, for appellant.

P. F. King, for respondent.

SPRING, J.   The plaintiff owned a house and lot at the corner of Third and Main streets in the city of Niagara Falls.   The defendant was engaged in the manufacture of bleaching powder and other products by the excessive heating of lime and salt, producing chlorine gas. Its plant was only a block distant from the premises of the plaintiff, and her claim is that the escaping gas pervaded the atmosphere about her lot, destroying her shade trees, plants, shrubbery, and vegetation, corroded the nails in the clapboards and shingles in her house, and the door knobs and all the metal in the house with which it came in contact, and otherwise injured the dwelling.   The destructive character of the gas and the injuries to the premises of the plaintiff are not controverted, and the only question up for review relates to the damages.

Upon the trial the plaintiff gave evidence of the market value of the premises before and after the injuries were sustained.   We think, under the evidence of the plaintiff, this was a proper rule of damages, .

limited, as it was, to injuries occurring prior to the commencement of the action. Argotsinger v. Vines et al., 82 N. Y. 308; Morrison v. A. Tel. Co., 115 App. Div. 744–747, 101 N. Y. Supp. 140 et seq. Under the proof in the case the rule adopted was in effect the difference in value with and without the injuries sustained. The escaping gas was a continuing injury to the premises for some time prior to the commencement of the action. In order, therefore, to include all damages accruing to that date it was necessary to prove the value before the infliction of any injuries and at the time the action was commenced, on the principle maintained by the plaintiff and accepted by the trial court. If any other elements affected the value, like natural wear and tear, or increase by a rising marketable value, such items should be proven and considered in arriving at the just estimate. The defendant should only be required to stand the loss occasioned by its unauthorized invasion of the premises.

The action was at law, and the damages must be limited to such as accrued before it was commenced; for, if any subsequent damages were inflicted, they might be made the foundation of another action. Within this rule, also, the diminution in value must be the proximate result of the gas which came from the defendant's manufactory, and not the natural depreciation of the premises from use, or to shrinkage in value from any other cause.

The defendant attempted to show by experts that the shade trees could be replaced, and also the cost of restoration. This evidence was excluded by the court on the ground that it was not the proper measure of damages, and that he intended to adhere to the rule of diminution in value adopted by the plaintiff. We think the exclusion of this evidence was error requiring the reversal of the judgment. There are two rules of damages competent in this case: First, the one adopted by the plaintiff; second, if the defendant was able to show that restoration of the premises to their former condition was reasonably possible, and the cost of reparation was less than by the other method, it was entitled to have that mode of estimating the damages considered by the jury. Hartshorn v. Chaddock, 135 N. Y. 116, 31 N. E. 997, 17 L. R. A. 426. It does not follow, because proof of the cost of restoration so far as practicable may be given, that such proof establishes inflexibly the measure of damages. Proof is competent under both methods, and the jury are to determine which, in justice to both parties, is the most feasible and the least expensive. In Hartshorn v. Chaddock, 135 N. Y. 122, 31 N. E. 998, the court said:

"The rule seems to be that when the reasonable cost of repairing the injury, or, in this case, the cost of restoring the land to its former condition, is less than what is shown to be the diminution in the market value of the whole property by reason of the injury, such cost of restoration is the proper measure of damages. On the other hand, when the cost of restoring is more than such diminution, the latter is generally the true measure of damages; the rule of avoidable consequences requiring that in such a case the plaintiff shall diminish the loss as far as possible."

And again:

"Therefore proof of the cost of restoring the land to its former condition, and proof of the diminution in the market value of the lot, was in this case

alike admissible. There were two methods of measuring the damages, depending upon circumstances, and all competent evidence offered should have been received by the referee; and hence it was not error to admit proof of the cost of restoring the soil to the condition it was in before the overflow."

It may not have been practicable to show complete restoration as to all the items of damage established. None the less either party should be permitted to give proof of the cost of reparation so far as feasible. If substantial repair can be made as to many items composing the damages, the defendant may give that proof, and adopt the theory of diminution in value as to the other items.

We think, also, it was competent to prove the rental value of the premises prior to the commencement of the action. 135 N. Y. 122, 31 N. E. 998. The judgment should be reversed.

Judgment reversed, and a new trial granted, with costs to the appellant to abide event. All concur; KRUSE, J., in result.