Doris Swift, an Infant, by Sarah Swift, Her Guardian ad Litem, et al., Respondents, *v.* The City of New York et al., Defendants, and Bronx Water Works Corporation, Appellant.

(Argued January 23, 1936; decided March 3, 1936.)

*Robert G. Sheller* and *Desmond T. Barry* for appellant. The appellant violated no duty and no negligence was established and the motions to dismiss the complaint should have been granted. (*McDonald* v. *Degnon-McLean Co.,* 140 App. Div. 411; 205 N. Y. 602; *Johnson* v. *City of New York,* 208 N. Y. 77; *Mendelowitz* v. *Neisner,* 258 N. Y. 181; *Walsh* v. *Fitchburg R. R. Co.,* 145 N. Y. 301; *Hockstein* v. *Congregation Talmud Torah,* 144 Misc. Rep. 207; *Maginnis* v. *City of Brooklyn,* 16 N. Y. St. Repr. 760; 126 N. Y. 644; *Powers* v. *Creem,* 22 App. Div. 480;

*Kowalchick* v. *Reshin,* 146 Misc. Rep. 770; *Andrews* v. *City of Elmira,* 128 App. Div. 699; *Mackie* v. *Central Ry.,* 54 Iowa, 540; *Kimball* v. *Carter,* 95 Va. 77; *Di Caprio* v. *N. Y. C. R. R. Co.,* 231 N. Y. 94; *Olsen* v. *Fennia Realty Co.,* 246 N. Y. 641.)

*Myron Wisoff* and *William S. Butler* for respondents. The conditions at the scene of the accident constituted a nuisance as well as negligence. In creating and maintaining them unnecessarily, appellant violated a common law and statutory duty to the infant plaintiff. *(Rogers* v. *City,* 101 App. Div. 352; 186 N. Y. 595; *Fritz* v. *Friedland,* 209 App. Div. 889; 239 N. Y. 580; *Glenn* v. *Oakland Contracting Co.,* 257 N. Y. 497; *Tuomey* v. *O'Reilly,* 142 N. Y. 678; *Lee* v. *Van Buren,* 190 App. Div. 742; *Garder* v. *Christopher,* 124 Mo. 347; *Vallo* v. *U. S. Express,* 147 Penn. St. 404; *Kane* v. *Simons,* 149 App. Div. 50; *Hine* v. *Aird-Don Co.,* 232 App. Div. 359; *Brusso* v. *City of Buffalo,* 90 N. Y. 679; *Blakeslee* v. *City of Geneva,* 61 App. Div. 42; *Giglio* v. *N. Y. Tel. Co.,* 238 App. Div. 503; *Carlock* v. *Westchester Lighting Co.,* 268 N. Y. 345; *Racine* v. *Morris,* 201 N. Y. 240; *Schumer* v. *Caplin,* 241 N. Y. 346; *Storrs* v. *City,* 17 N. Y. 104; *Bullock* v. *City,* 99 N. Y. 654; *Murnane* v. *Third Ave. Ry. Co.,* 172 N. Y. Supp. 188.) Appellant's negligence was the proximate cause of plaintiff's injuries. The issue was for the jury. *(Ehrgott* v. *Mayor,* 96 N. Y. 264; *Martin* v. *Herzog,* 228 N. Y. 164; *Graves* v. *Rudman,* 235 App. Div. 380; 260 N. Y. 628; *Niagara Ferry & T. Co.* v. *Eagle S. & B. D. Ins. Co.,* 229 App. Div. 433; *Hirschberg* v. *Bertal Textile Co.,* 238 App. Div. 338; *Fritsch* v. *N. Y. & Queens Co. Ry. Co.,* 93 App. Div. 554; *Gillespie* v. *City of Newburgh,* 54 N. Y. 468; *Kiernan* v. *Mayor,* 14 App. Div. 156; *Hewett* v. *Town of Thurman,* 41 App. Div. 6; *Porcella* v. *Mutual Reserve Fund Life Assn.,* 50 App. Div. 158; *McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340; *Erie R. R. Co.* v. *International Ry. Co.,* 209 App. Div. 380; 239 N. Y. 598; *Moore* v. *Gadsen,* 87 N. Y. 84.)

*Per Curiam.* There is no evidence that defendant was chargeable with notice of special danger to children from existing conditions. (*Johnson* v. *City of New York,* 208 N. Y. 77; *McDonald* v. *Degnon-McLean Cont. Co.,* 124 App. Div. 824; affd., 205 N. Y. 502.) The ordinance was intended for the protection of persons traveling on the highway in the usual manner, and even, if applicable to the facts in this case, its violation is not shown to have been the proximate cause of plaintiff's injury. No causal connection is shown.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.