ROBERT BAUMAN, an Infant, by His Guardian ad Litem, and Another, Plaintiffs, *v.* BE-JEL REALTY CORPORATION, Defendant.

Supreme Court, Trial Term, Kings County, April 20, 1939.

*Gilbert D. Steiner*, for the plaintiffs.

*Frederick Mellor*, for the defendant.

Dodd, J. The plaintiffs brought this action against the defendant to recover damages for injuries sustained by the infant plaintiff. The plaintiffs claim that these injuries occurred by reason of the negligence of the defendant in maintaining a grating in the sidewalk adjoining defendant's premises in violation of section 242 of article 17 of chapter 23 of the Code of Ordinances of the city of New York, which reads as follows:

" No person shall remove or insecurely fix, or cause, procure, suffer, or permit to be removed or to be insecurely fixed, so that the same can be moved in its bed, any grate or covering or aperture of any vault or chute under any street; but nothing herein contained shall prevent the owner or occupant of the building, with which such vault shall be connected, from removing such grate or covering for the proper purpose of such vault or chute; providing he inclose the opening or aperture and keep the same inclosed, while such grate or covering shall be removed, with a strong box or curb at least 12 inches high, firmly and securely made, and provided that openings of more than 2 square feet of superficial area shall be inclosed at such times with strong railings not less than 3 feet high, to be approved by the borough president, and further that such grates or coverings shall not be removed until after sunrise of any day and shall be replaced before one-half hour after sunset."

From the testimony, it appears that the infant plaintiff dropped a piece of chalk through the grating which covered an opening three feet wide, two and one-half feet long and two feet deep. With the aid of a boy companion, the infant plaintiff raised up the grating, which was mounted on a hinge. He went down into the opening, retrieved his chalk and climbed out on the sidewalk. As he did so, he rested one hand on the edge of the opening. At that moment, a third boy struck or pushed the second boy who was holding up the grating, causing him to let it go and fall upon the hand of the infant plaintiff.

The sole negligence claimed is that said grating was not securely fixed or fastened, no defects being alleged with respect to the grating itself.

I am of the opinion that the verdict in favor of the plaintiffs cannot be sustained. With respect to the alleged violation of the ordinance, I do not construe it to mean that a grating must be kept locked or fastened. The prohibition against permitting a grating to be " insecurely fixed so that the same may be moved in its bed," must be interpreted to mean that it should be immovable with respect to the use thereof as a part of the sidewalk, so that it would not be a trap to pedestrians passing over it. The ordi-

nance was intended solely for the protection of travelers upon the highway.

Even, assuming that the ordinance had been violated, I believe that, under the circumstances of this case, there would be no liability, since the injury sustained by the infant plaintiff would not be a probable consequence of defendant's failure to comply with such ordinance nor one which would reasonably have been foreseen by the defendant. (*Swift* v. *City of New York*, 270 N. Y. 162; *Olsen* v. *Fennia Realty Co., Inc.*, 218 App. Div. 863; affd., 246 N. Y. 641.)

The unfortunate accident was not the result of defendant's negligence, but the consequence of a separate, independent, and isolating cause, namely, the act of the third boy striking or pushing the boy who was holding the grating.

The defendant's motions to set aside the verdict and for a dismissal of the complaint are granted.