WILLIAM SHEMIN, Respondent, *v.* CITY OF NEW YORK, Defendant, and NICHOLAS DI MENNA & SONS, INC., Appellant.

First Department, December 9, 1958.

*Paul Englander* of counsel (*McDevitt, Stricker & Needham,* attorneys), for appellant.

*Herbert L. Brickman* of counsel (*Sheldon Lowe* with him on the brief), for respondent.

McNALLY, J. In an action to recover damages for injuries to property resulting from blasting operations on the part of the defendant-appellant, this appeal is from a judgment in the sum of $23,949.50 entered on a decision after trial before the court without a jury. The second amended complaint herein sets forth four causes of action. The plaintiff withdrew the fourth cause of action. The first cause of action is in negligence; the second cause of action in nuisance; and the third cause of action in trespass.

On or about January 25, 1956, appellant entered into a contract with the City of New York for the reconstruction of existing sewers on Boston Road from 233rd Street to Eden Avenue in the Borough of Bronx. Plaintiff's property is located at 4000 Boston Road and consists of a plot of land approximately 200 by 240 feet, improved by a private residence, five greenhouses, a store and a pottery building.

The complaint alleges and the evidence establishes that in accordance with its contract with the City of New York the appellant between August, 1956 and December, 1957 conducted certain blasting operations which resulted in substantial injury to the structures and retaining walls of plaintiff's property. Damages due solely to concussion causing disturbances, jarring and vibration do not warrant a recovery unless it is demonstrated that the work was performed in a negligent or improper manner. (*Page* v. *Dempsey,* 184 N. Y. 245, 251–252; *Booth* v. *Rome, W. & O. T. R. R. Co.,* 140 N. Y. 267, 274, 280; *Holland House Co.* v. *Baird,* 169 N. Y. 136, 142.)

Appellant was engaged in the construction of a public work pursuant to a contract with the City of New York and in such case the rule which applies to the permanent use of property in a manner which limits the use or diminishes the value of the property of another has no application. In *Dixon* v. *New York Trap Rock Corp.* (293 N. Y. 509) the defendant was conducting blasting operations of a nature customary in the operation of a rock quarry. Damage to and diminution in the value of plaintiff's property resulted and defendant carried on the blasting after notice of harm. There the court held that the circumstances established a nuisance by reason of the continuous permanent use of the defendant's property in the manner indicated. The court said (pp. 513–514): "Stress is laid by the defendant upon our decision in *Booth* v. *R., W. & O. T. R. R. Co.* (140 N. Y. 267). We think this emphasis is misplaced. In the *Booth* case, the blasting was a more or less temporary act which was appropriate for the adaptation of the defendant's land to a lawful business and that act was for that reason deemed to be on the side of the public welfare. (Cf. Bohlen, Studies in the Law of Torts, 414, 415.) Such an activity — so we said — ought not to be a ground of liability in the absence of negligence in the method of doing it, unless some substance is thereby cast upon the person or property of another. (See the cases cited in *Derrick* v. *Kelly,* 136 App. Div. 433.) In the present case, the blasting (as we must suppose) was regularly carried on after notice of harm that already had ensued from it. In the present case, moreover, there was no purpose to promote any improvement of the defendant's land."

In the case at bar, the only proof of negligence was the testimony of plaintiff's expert. He was consulted by the plaintiff sometime in November, 1957, at which time he made a superficial examination of the structures on plaintiff's property. He made a second examination on December 15, 1957 which developed the extent of the damage to which he testified. He had no

knowledge of the manner in which the defendant's blasting operations were performed except that on one occasion in August, 1956 he heard one of the blasts. He admitted he was unable to see the blast or the preparations preceding it, nor was he able to state how many sticks of dynamite were used in each hole. His conclusion as to the manner in which the blasting was done rested entirely upon the nature and extent of the damage to plaintiff's property.

The inspector of blasting of the Fire Department of the City of New York, who witnessed the appellant's blasting in his official capacity, testified that the method of blasting utilized by appellant is known as millisecond blasting and involves a series of blasts at minute intervals, a method in general use and which inhibits vibration and concussion. He also testified that steel mats placed over the blasting sites prevented flying debris, and that the blasting was done in a good workmanlike manner. The Borough Works Inspector, under the Borough President of The Bronx, who supervised the appellant's work, testified that during the times he was present, which were almost daily, he did not observe any flying debris. Appellant's construction engineer testified that in the course of the appellant's work gneiss rock was encountered which required blasting; in the blasting operations millisecond caps were used; that two three-quarter-inch interlaced wire mats covered the blasts; and that the quantity of dynamite used in blasting was not excessive.

The record does not establish negligence. Proof of the blasting and resulting damage without evidence that the blasting was performed negligently in the light of the nature of the improvements and work being performed by the appellant under its contract with the City of New York, and the accompanying physical circumstances, did not establish actionable negligence on the part of the appellant. (*Holland House Co.* v. *Baird,* 169 N. Y. 136, 139–140, *supra*; *Viele* v. *Mack Paving & Constr. Co.,* 144 App. Div. 694–695; *Kaninsky* v. *Purcell & Gilfeather,* 158 N. Y. S. 165 [App. Term, 1st Dept., LEHMAN, J.].)

The evidence of plaintiff's expert suggested that the use of six or more sticks of dynamite in any one hole in a series of detonations would cause the damage complained of, but it does not appear whether that quantity, if used, was excessive under the circumstances. He was unable to state from an examination of the records in evidence how many sticks of dynamite were used per hole. The blasting records of appellant seem to indicate, however, that in some cases more than six sticks of dynamite per hole were used. The present record does not establish that the plaintiff's damage is related to those blasts

in which more than six sticks of dynamite were used, or that the use of that quantity was excessive in the light of the appellant's obligations under its contract with the City of New York and the surrounding physical circumstances.

Plaintiff's reliance upon violations of subdivisions a and b of section C19–36.0 of the Administrative Code, which includes a requirement of the use of at least 12 timbers in blasting operations, is misplaced. The gist of plaintiff's complaint is that the damage was caused by the vibrations transmitted underground or on the surface. On this record there is no proof of damage caused by flying debris. The trial court found that the dirt and debris precipitated on plaintiff's property caused no loss. Consequently, on this record, if there was a violation of the requirement to use 12 timbers, it had no causal relation to plaintiff's damage. (*Swift* v. *City of New York,* 270 N. Y. 162, 165.)

Moreover, there was a failure of proof in regard to damage. Plaintiff testified that he purchased the property and improvements for $33,000 in 1924; that the total assessment was $26,500, of which $4,000 represented the value of the buildings. A recovery to the extent of the amount of the judgment herein, to wit, $22,000, exclusive of interest and costs, in the light of the evidence as to the said value of the property, which was the only evidence in the case in regard thereto, is without basis in the absence of testimony that as a result of the damage complained of the market value of plaintiff's property diminished to the extent of the cost of restoration. (*Hartshorn* v. *Chaddock,* 135 N. Y. 116, 122–123.) Here, at the close of the entire case, appellant moved to dismiss the complaint and assigned as one of the grounds therefor a failure of proof in regard to the market value of the property after the alleged damage. In the *Hartshorn* case (p. 123), the circumstances were such as to establish a waiver of the necessity for such proof.

The judgment should be reversed, on the law and the facts; the second cause of action should be dismissed on the merits, on the law, and, as a matter of discretion, a new trial directed as to the first and third causes of action, with costs to abide the event.

Botein, P. J., Breitel, Rabin and Valente, JJ., concur.

Judgment unanimously reversed on the law and on the facts; the second cause of action dismissed on the merits, on the law, and, as a matter of discretion, a new trial ordered as to the first and third causes of action, with costs to abide the event. Settle order.