HAROLD G. WATERS et al., Respondents, *v.* PETER McNEARNEY, Defendant, and SCHENECTADY BASEBALL CLUB, INC., Appellant.

Third Department, April 23, 1959.

*Amadeo H. Volpe* (*H. E. Blodgett* and *John J. Snapp* of counsel), for appellant.

*Mullarkey & Horigan* (*Richard T. Horigan* of counsel), for respondents.

REYNOLDS, J. Appeal from a judgment of the Supreme Court, Schenectady County awarding damages of $925 to the plaintiffs in a nuisance action.

The plaintiffs are the owners of real property located on Kings Road in Schenectady upon which they make their residence. The appellant the Schenectady Baseball Club, Inc., owns a 55-acre plot of land behind the plaintiffs' property which at the time the plaintiffs purchased their property in 1953 was a wooded area. In the Fall of 1954 the appellant began the construction of a golf course on its property by starting to remove the trees and grass. Some changes were made in the contour of the land and by the Fall of 1955 it was laid completely bare exposing a very fine sand known as "blow sand". The wind blew large quantities of this sand onto the plaintiffs' property covering their garden and lawn to the rear of their house, covering the outside of their house and penetrating the house itself. This continued until the Summer of 1956 when grass began to grow and at the time the case was reached for trial the blowing of sand had practically stopped.

The plaintiffs in their complaint alleged the existence of the above condition, characterized it as a nuisance interfering with their comfort and enjoyment of their property and asked for an injunction and damages. On the consent of the plaintiffs the action was dismissed as to Peter McNearney. The court below found that the appellant "has maintained upon its premises a nuisance injurious to the comfort, enjoyment and property of the plaintiffs." It refused to grant the injunction in that the condition complained of had ceased but it awarded damages in the sum of $925.

The appellant contends that actionable nuisance was not made out; that negligence was not alleged in the complaint and cannot be the basis for a recovery and that even if it could there was no showing of negligence. The plaintiffs-respondents maintain that negligence is not an essential element of nuisance; that blowing sand is a nuisance and that they are entitled to redress for their damages.

It is clear that a nuisance may be established with or without a showing of negligence. Here the appellant argues that since negligence was only alleged in the bill of particulars it cannot enlarge the complaint and that therefore the question of negligence was not presented to the court. In our view a nuisance could be properly found here without recourse to negligence. Nuisance, whether based on negligence or not involves the reasonableness of the conduct involved. This reasonableness must take into account not only the action of

the defendant which is complained of but also the interest of the plaintiff. The interest of the defendant here is to improve its land and establish a lawful business thereon and the interest of the plaintiffs is the use and enjoyment of their property. The general rule was stated in *Booth* v. *Rome, Watertown & Ogdensburg Term. R. C. Co.* (140 N. Y. 267, 274) to be that: "no one has absolute freedom in the use of his property, but is restrained by the co-existence of equal rights in his neighbor to the use of his property, so that each in exercising his right must do no act which causes injury to his neighbor". This does not mean, however, that any injury which results from the lawful use of one's property will entitle the injured party to redress. In that very case the injury had been caused to the plaintiff's house by the vibrations from the defendant's blasting. The court held that the blasting being done by the defendant had been temporary in nature to adopt its property to a lawful use and therefore inasmuch as there was no "technical trespass" nor any negligence shown, the judgment for the plaintiff was reversed. Damages resulting from the vibrations from blasting may be compensated on the other hand where the blasting is continuous in nature and improvement of property is not involved (*Dixon* v. *New York Trap Rock Corp.*, 293 N. Y. 509). In the case of *Bohan* v. *Port Jervis Gas-Light Co.* (122 N. Y. 18, 25) involving a manufacturing plant emitting noxious odors it was stated: "one may have, upon his property, any kind of lawful business, and so long as it is not a nuisance, and is not managed so as to become such, he is not responsible for any damage that his neighbor accidently and unavoidably sustains. Such losses the law regards as *damnum absque injuria*." However, the court went on to say (p. 26): "But where the damage is the necessary consequence of just what the defendant is doing, or is incident to the business itself, or the manner in which it is conducted, the law of negligence has no application and the law of nuisance applies. (*Hay* v. *Cohoes Co.*, 2 N. Y. 159; *McKeon* v. *See*, 51 id. 300.)"

The case of *Hay* v. *Cohoes Co.* (2 N. Y. 159) was quoted from at length by the lower court and both parties here give their interpretation of the case. In that case the defendant in digging a canal caused dirt and stones to be thrown on the plaintiff's land and house, damaging his stoop. It was there held that although the defendant had the right to dig the canal it had disturbed the rightful possession of the plaintiff and caused a direct and immediate injury to his property for which it was held responsible. The court stated (p. 161): "He may excavate a canal, but he cannot cast the dirt or stones

upon the land of his neighbor, either by human agency or the force of gunpowder. If he cannot construct the work without the adoption of such means, he must abandon that mode of using his property, or be held responsible for all damages resulting thereform. He will not be permitted to accomplish a legal object in an unlawful manner.''

The distinction which the appellant seeks to make is that here the sand was not cast on the respondents' property by either '' human agency or the force of gunpowder ''. This does not appear to be a valid distinction. The sand got where it did as a direct and necessary result of the appellant's actions. The same argument might be made by the operators of a manufacturing plant emitting noxious odors, viz., that it was the wind and not their acts which caused the odors to be a nuisance to the plaintiff. However, such a manufacturer will be held responsible and regardless of negligence on his part. Once the appellant here laid bare its land so as to expose the so-called '' blow sand '' it necessarily followed that it would be blown onto the respondents' property. The question presented is whether in view of this the appellant's action in pursuing a lawful improvement of its property was unreasonable so as to constitute a nuisance. It must be shown that a substantial interference with the respondents' use and enjoyment of their property has occurred. It was stated in *McCarthy* v. *Natural Carbonic Gas Co.* (189 N. Y. 40, 49) : '' Trifling results are disregarded, for the courts proceed with great caution and will not interfere with the use of property by the owner thereof unless such use is unreasonable, the injury material and actual, not fanciful or sentimental.''

It was clear here, particularly from the pictures introduced in evidence, that there were substantial accumulations of sand on the respondents' land and that their house was covered with sand necessitating a cleaning and painting. The respondents' use and enjoyment of their property was obviously materially interfered with. Therefore it would seem that the appellant's conduct could be classified as unreasonable and a nuisance and that damages were properly awarded to the respondents.

This conclusion makes unnecessary the consideration of whether the question of negligence was properly before the court. In nuisance cases where the defendant fails to take the necessary steps to prevent the inflicting of harm some courts talk of negligence. Powell states: '' Where a defendant fails to take available steps to avoid the inflicting of harm, some courts confusingly talk the language of negligence. It is confusing because the situation involves conduct known to be

injurious to the plaintiff. It would be better to keep the reasoning in the realm of nuisance, deciding whether easily preventable harm does not eliminate the claimed social value of the defendant's conduct." (5 Powell, Real Property, p. 327, n. 44.) The Restatement of Torts also takes this position stating in section 828 (Comment *g*): " In cases involving intentional invasions it is improper to speak of the actor as being negligent in failing to avoid the interference where it would be practicable for him to do so, since negligence has reference only to unintentional harms ".

Therefore it seems the court below could properly consider the evidence produced to the effect that a fence along the respondents' property, which was 42 feet wide at the rear, would have prevented the damage from the sand regardless of whether the question of negligence was presented to it. Such evidence gives further weight to its finding of a nuisance.

The judgment should be affirmed, with costs to respondents against appellant.

FOSTER, P. J., BERGAN and COON, JJ., concur.

Judgment affirmed, with costs to respondents against appellant.