■ ROBERT F. MACKINNON, an Infant, by His Guardian ad Litem, PAUL J. MACKINNON, et al., Appellants, v. HENDRICKSON BROS., INC., et al., Respondents.— In a negligence action by an infant to recover damages for personal injury, and by his father to recover damages for loss of services and medical expenses, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered March 6, 1963 after a jury trial, in favor of the defendants, dismissing the complaint at the close of plaintiffs' case. Judgment affirmed, without costs. On June 30, 1955 defendant Atlantic Haulage Corp. delivered to the job site of defendant Hendrickson Bros., Inc., 45 eight-foot long hollow cylindrical pipes, each 3 feet in diameter, made of reinforced concrete, and each weighing more than a ton. Defendant Atlantic placed each of the pipes on the roadway perpendicular to the curb. The roadway was level, except for a slight pitch from the center to the curb for drainage. About 7:00 P.M., when no workmen were present, several children pushed one of the pipes, causing it to roll about a foot, and to roll over the infant plaintiff's toe. In our opinion, the complaint was properly dismissed because: (1) the pipes were not inherently dangerous; (2) by reason of their unusual weight, defendants had no knowledge that children would attempt to move or roll the pipes in the natural course of play; and (3) defendants were *not* put on notice to use greater care than the reasonable care which they actually exercised (*Swift* v. *City of New York*, 270 N. Y. 162; *Johnson* v. *City of New York*, 208 N. Y. 77; *Hall* v. *New York Tel. Co.*, 214 N. Y. 49; *Meyers* v. *120th Ave. Bldg. Corp.*, 9 A D 2d 931, affd. 11 N Y 2d 871). Nor, in our opinion, did the alleged absence of chocks on both sides of each pipe serve to create any actionable negligence. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.