(October 9, 1979)

■ JEROLD J. BENAVIE, Appellant, v ROBERT C. BAKER, Respondent.—In an action to recover for damages to plaintiff's lawn and the destruction of naturally grown shade trees on his residential property, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County, dated June 20, 1978, as failed to award him damages for the loss of his shade trees. Judgment reversed insofar as appealed from, with $50 costs and disbursements, and case remanded to the Trial Term for a trial on the issues of damages resulting from the destruction of plaintiff's

shade trees. It is our opinion that the trial court erred in holding that the only measure of damages to be applied with respect to the damaged shade trees was the diminution of the value of plaintiff's property occasioned by the loss thereof. An equally acceptable measure of damages was that for which plaintiff proffered proof to the trial court, that is, the replacement cost of such trees (see *Davies v Jagger,* 232 NY 626, affg 196 App Div 952; *Whitbeck v New York Cent. R. R. Co.,* 36 Barb 644; *Dwight v Elmira, Cortland & Northern R. R. Co.,* 132 NY 199; *Hartshorn v Chaddock,* 135 NY 116; *Senglaup v Acker Process Co.,* 121 App Div 49; see, also, *Huber v Serpico,* 71 NJ Super 329). We think that the foregoing cited cases make it clear that it has been the intention of the courts in situations such as that at bar, where a defendant is guilty of damaging another's real property and, more specifically, his greenery, to formulate a rule of law which does equity to both parties. That is to say, there appears to have been an effort to make sure that the measure of damages utilized was sufficient to compensate the plaintiff without unconscionably burdening the guilty defendant. In sum, we subscribe to the rule of damages stated by the Court of Appeals in *Hartshorn v Chaddock (supra)* and applied by the Appellate Division, Fourth Department, in *Senglaup v Acker Process Co. (supra),* that damages in such cases may be awarded on the basis of either the replacement cost of the damaged trees or the diminution of the plaintiff's property value resulting from the damage, whichever is less. Indeed, this rule was acknowledged by Trial Term herein, and rejected. Accordingly, a new trial should be held to determine the amount of plaintiff's damages resulting from the destruction of his shade trees, at which the parties should be permitted to adduce evidence as to the replacement cost of the trees or the diminution in the value of the property. We note that there has been no cross appeal by defendant and the award for damages to plaintiff's grass has not otherwise been contested. Lazer, J. P., Gulotta, Cohalan and Martuscello, JJ., concur.