■ MORTON E. JENKINS et al., Respondents-Appellants, v SIDNEY ETLINGER et al., Appellants-Respondents.—Cross appeals from a judgment of the Supreme Court, entered August 23, 1979 in Rensselaer County, upon a decision of the court at a Trial Term, without a jury, that awarded plaintiffs damages for interference with their property rights. The parties own adjoining parcels of real property separated in part by a pond through which a boundary line runs. The plaintiffs alleged and proved at trial that the defendants brought and graded a large quantity of fill onto their property and that rain and surface water caused large amounts of it to enter the pond. While the defendants offered testimony which might have excused the deposit of fill in the pond, the trial court properly found liability *(Waters v McNearney,* 8 AD2d 13, affd 8 NY2d 808). Issues of fact relating to the exact location of the boundary line and the amount of fill required to be removed in order to restore the pond and plaintiffs' property to the *status quo ante* were for the trial court, and its determination as to the cost of the repair/restoration is affirmed. Further, the defendants' contention upon appeal that the proof of damage was inadequate because plaintiff did not offer proof of the diminution of value of his premises is not persuasive. In the case of *Hartshorn v Chaddock* (135 NY 116, 122) it was noted that the owners of real property need not, in every case involving injury to the premises, prove diminution in the value of the premises in order to recover damages. In the present case, as in *Hartshorn,* the plaintiffs established the value to restore the premises to the prior condition and the defendants failed to establish any likelihood that such cost exceeded the diminution in value, if any. While it might be said that the defendants herein raised a question as to the sufficiency of the plaintiffs' proof of damage, there was no factual showing of insufficiency. The defendants have failed to establish that the plaintiffs' proof of damage was inadequate. (See *Benavie v Baker,* 72 AD2d 541, 542; cf. *Shemin v City of New York,* 6 AD2d 668, 672, app dsmd 7 NY2d 971.) Plaintiffs contend that the trial court erred in not awarding damages for loss of use of the pond although it did find as a matter of fact that there was a loss of use and enjoyment for the summer of 1976. To the extent that a long-term loss of use was alleged by the plaintiffs, it would necessarily reflect a diminution in value of the premises; however, the plaintiffs did not proceed with proof of diminished value. Examination of the parties' position in this case requires that the plaintiff not be permitted long-term damages for loss of use and enjoyment in the absence of proof that such loss does not exceed the diminished value of the premises. The grant of long-term damages without requiring proof of diminished value as a check on such damages might "unconscionably [burden] the guilty defendant". *(Benavie v Baker, supra,* p 542.) The plaintiffs' limit on damages is the lesser of restoration costs or diminished value *(Hartshorn v Chaddock, supra; Benavie v Baker, supra; Shemin v City of New York, supra).* The point is that at most "The defendant should only be required to stand the loss occasioned by its unauthorized invasion of the premises." *(Senglaup v Acker Process Co.,* 121 App Div 49, 50.) However, the limited allowance of loss of use of the pond for one year in the context of this case would not be unconscionable and should have been allowed in conformity with the trial court's findings and in the absence of proof that such an award would result in excessive damages. While the proof of damage for loss of use of the pond for the year 1976 is not set forth in dollars and cents in the record, nevertheless, it is more than the nominal award made by the trial court and we find the sum

of $500 to be supported by the record. Plaintiffs further contend that the trial court erred in not awarding damages for the loss of 12 trees. We agree that the court's finding that plaintiff failed to prove the loss of such trees is contrary to the record and we find that such loss was established. We further find that plaintiffs proved the replacement value of such trees to be $180 per tree, for a total of $2,160. However, we reject plaintiffs' further allegation that treble damages should have been awarded pursuant to section 861 of the Real Property Actions and Proceedings Law and deny such damages upon the grounds that the destruction was casual and involuntary. The failure of the defendants to show that the diminution in value was not less than the cost of restoring the trees as well as the removal of fill from the plaintiffs' property leaves the proof of the plaintiffs as to those one-time costs of restoration as proper. Judgment modified, on the law and the facts, by increasing the award of damages to $9,610, with appropriate interest, and by deleting the award of nominal damages, and, as so modified, affirmed, with costs to plaintiffs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.