Supreme Court properly granted the Tayoun defendants’ motion. Even when viewing the evidence in a light most favorable to plaintiff, her own expert opined that the Tayoun defendants’ heavy walking “is not going to be stopped by a simple carpet or pad” because such frequencies “penetrate right through a carpet and pad,” and are attributable to the structure of the building itself (see Rimany v Town of Dover, 72 AD3d 924, 925 [2d Dept 2010]).
Contrary to plaintiffs argument, Supreme Court did not draw an arbitrary distinction between mechanical noise and noise made by people, but properly found, as a matter of law, that the Tayouns’ conduct, which allegedly caused plaintiffs interference, was, as a matter of law, not substantial or unreasonable because it was premised upon noises that are incidental to normal occupancy, including heavy footsteps, snoring, and using a dishwasher (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 569 [1977]; Levine v Macy & Co., 20 AD2d *455 761 [1st Dept 1964]; Waters v McNearney, 8 AD2d 13, 17 [3d Dept 1959], affd 8 NY2d 808 [1960]).
Supreme Court providently exercised its discretion in granting plaintiffs cross motion allowing her to serve an amended complaint insofar as it asserted a claim for breach of the implied warranty of habitability against The Blennerhasset Corporation (Real Property Law § 235-b). The proposed amended complaint adequately alleges that Blennerhasset deprived plaintiff of her right to quietly enjoy her apartment by failing to take effective steps to abate allegedly excessive noise emanating from the neighboring Tayoun defendants’ apartment (see Armstrong v Archives L.L.C., 46 AD3d 465 [1st Dept 2007]; Matter of Nostrand Gardens Co-Op v Howard, 221 AD2d 637, 638 [2d Dept 1995]). Further, because that claim is premised upon the very same subject matter alleged by the original complaint, Blennerhasset will not suffer any prejudice (see McGhee v Odell, 96 AD3d 449, 450-451 [1st Dept 2012]; Valdes v Marbrose Realty, 289 AD2d 28, 29 [1st Dept 2001]).
We have considered the parties’ remaining contentions, and find them unavailing. Concur — Sweeny, J.E, Renwick, Andrias, Freedman and Feinman, JJ.