Hutcherson v Hill (2018 NY Slip Op 03439)





Hutcherson v Hill


2018 NY Slip Op 03439


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Richter, J.P., Manzanet-Daniels, Webber, Oing, Moulton, JJ.


160153/13 6513 6512

[*1]Blanche Hutcherson, Plaintiff-Appellant, 
v
Velma Hill, etc., et al., Defendants-Respondents.


Law Offices of Andrew J. Spinnell, LLC, New York (Andrew J. Spinnell of counsel), for appellant.
The Kurland Group, New York (Yetta G. Kurland of counsel), for Velma Hill, respondent.
M. Schwartz Law, P.C., New York (Michael Schwartz of counsel), for Mutual Redevelopment Houses, Inc. respondent.



Orders, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about December 18, 2015, and June 21, 2017, which granted defendant Velma Hill's decedent's motion for summary judgment dismissing the complaint and cross claims as against him, and defendant Mutual Redevelopment Houses, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.
The decedent (Glaberman), who died after his motion was decided, established prima facie that he did not cause a nuisance to plaintiff, his upstairs neighbor in a cooperative apartment building (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 568 [1977]; Brown v Blennerhasset Corp., 113 AD3d 454 [1st Dept 2014]; Carroll v Radoniqi, 105 AD3d 493 [1st Dept 2013]). The record contains evidence of only two discrete periods of intermittent noise. Glaberman said in an affidavit that he was an 86-year-old man whose health issues throughout the period in which plaintiff claimed he made loud noises rendered it impossible for him to "physically achieve making those noises, even if I wanted." Glaberman submitted evidence that he was in the hospital on occasions reflected on the logs that plaintiff created purporting to document the alleged noise. In addition, plaintiff did not appeal from a prior order in this case finding, after a hearing held before Glaberman's death, that Glaberman was too frail to drag or carry furniture, as the complaint alleges. In opposition to Glaberman's showing, plaintiff failed to raise an issue of fact.
In view of the foregoing, the complaint must be dismissed as against Mutual because all the claims asserted against it are premised upon Glaberman's alleged conduct.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK