| |
|---|
| **Roth v Board of Mgrs. of 299 W. 12th St. Condominium** |
| 2025 NY Slip Op 30003(U) |
| January 2, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 154315/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO                          PART                    33M

*Justice*

---------------------------------------------------------------------X

SCOTT ROTH, THE SCOTT ROTH 2001 TRUST

                                            Plaintiff,

        - v -

BOARD OF MANAGERS OF 299 WEST 12TH ST.
CONDOMINIUM,

                                            Defendant.

---------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154315/2022 |
| MOTION DATE | 01/30/2024 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102

were read on this motion to/for            SUMMARY JUDGMENT (AFTER JOINDER)        .

Upon the foregoing documents, and after oral argument, which took place on August 6, 2024, with Erik Groothuis, Esq. appearing for Plaintiffs Scott Roth ("Roth") and the Scott Roth 2001 Trust ("Trust") (collectively "Plaintiffs"), and Alexa Keating, Esq. appearing for the Defendant Board of Managers of 299 West 12th St. Condominium ("Defendant"), Defendant's motion for summary judgment dismissing Plaintiffs' Complaint is granted.

## I.      Background

Plaintiffs' dispute with Defendant is over the use of a neighboring unit by a non-party family's house staff at 299 W 12th Street, New York, NY 10014 (the "Building"). Trust owns Unit 17 ABC (the "Unit") in the Building, while Roth resides in the Unit. Unit 17D in the Building is leased by the Neidichs, who own other units on the 17th floor as well as penthouse units. Roth alleges he documented numerous people entering and exiting Unit 17D since March 2021, and he claims the use of Unit 17D constitutes a nuisance.

**154315/2022  ROTH, SCOTT ET AL vs. BOARD OF MANAGERS OF 299 WEST 12TH ST.**             **Page 1 of 5**
**CONDOMINIUM**
**Motion No. 003**

1 of 5

Roth alleges that although Unit 17D is a residential unit, it is being used as a commercial unit in violation of the Building's by-laws. Roth alleged he was retaliated against for complaining because his apartment was investigated as a potential source of a leak in a neighboring unit. He also claims he was retaliated against because he was asked to remove his ring doorbell camera. Maria Cicero, the former president of the Board, testified that the board investigated Roth's complaints and found the use of 17D was residential (NYSCEF Doc. 56 at 20-21). Numerous other board members were deposed. All board members testified they took Roth's complaints seriously and wanted him to live comfortably.

Defendant seeks summary judgment dismissing Plaintiffs' Complaint. Defendant argues it only owes a fiduciary duty to a unit owner, and that Trust is the owner of the unit, therefore it owes no duty to Roth. Defendant argues that there is no breach of a fiduciary duty because Unit 17D is not being used for commercial purposes. Defendant argues there is no retaliation because the Ring doorbell violated house rules and there is no evidence other owners were allowed to maintain Ring doorbells. Defendant argues the inspection of Plaintiff's apartment because of a leak is not retaliatory. Defendant further argues Plaintiffs cannot establish the elements of a private nuisance because there is no substantial interference with Roth's enjoyment of his unit. In opposition, Plaintiffs argue Defendant owes Roth a fiduciary duty. Plaintiffs further argue there is an issue of fact as to whether Unit 17D was being used for commercial purposes. Plaintiffs argue that the investigation was insufficient. Finally, Plaintiffs argue the nuisance claim should survive since Defendant exercised control over the common areas.

## II.    Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v*

154315/2022   ROTH, SCOTT ET AL vs. BOARD OF MANAGERS OF 299 WEST 12TH ST.          Page 2 of 5
CONDOMINIUM
Motion No. 003

2 of 5

*Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

As a preliminary matter, the First Department has held that condominium boards may owe owners fiduciary duties (*LiNQ1, LLC v 170 East End Condominium*, 221 AD3d 409 [1st Dept 2023]). Where a board fails to promptly and adequately address a plaintiff's continuous complaints about activities or conditions within the board's control, the plaintiff may have a valid breach of fiduciary duty claim (*Rosenthal v Board of Managers of Charleston Condominium*, 216 AD3d 442, 443 [1st Dept 2023]).

However, here, the undisputed facts show that Defendant promptly addressed and investigated Plaintiff's complaints about Unit 17D. Specifically, Defendant set up a camera with an audio device to investigate, Defendant requested Roth share his ring video footage,[1] and Defendant's attorney wrote a letter to the Neidichs regarding Plaintiff's complaints. As a result, the Neidichs put stoppers on their doors, began meeting visitors and contractors elsewhere, installed a quiet doorbell, lowered the ringers on phones, and added a smoke seal to the doorframe to ensure it closes quietly (NYSCEF Doc. 64). In addition, the building superintendent would periodically check the video from the camera set up by the Board outside Unit 17D to monitor visitors and noise levels, and if Plaintiffs had a complaint about noise or visitors, the video set up by the Board could be used to verify the complaint and issue a violation if necessary. However,

---

[1] Multiple witnesses testified that Roth refused to share his ring video footage.

**154315/2022   ROTH, SCOTT ET AL vs. BOARD OF MANAGERS OF 299 WEST 12TH ST. CONDOMINIUM**
**Motion No.  003**

**Page 3 of 5**

3 of 5

the video footage did not show an abnormal amount of traffic or noise, and a prior audit of mail and packages to the Neidichs' unit showed their use of the units was strictly residential.

There is no evidence that Roth was singled out and he admitted he does not believe he has been discriminated against (NYSCEF Doc. 52 at 108). There likewise is no evidence any board member personally benefited from the leasing of Unit 17D to the Neidichs. Nor is there any evidence that Unit 17D was being used commercially. The undisputed testimony shows it was used as a gym and a room for house staff to take care of the Neidichs' personal lives. Roth himself testified that he did not know what went on in Unit 17D and that he himself kept a home-office in his own unit. The mere presence of desks and a computer does not give rise to commercial use – otherwise every owner who works from home would unknowingly be using their residential unit for commercial purposes.

Roth's disagreement with the outcome of Defendant's investigation, which occurred promptly, in good faith, and at the expense of the condominium, does not give rise to a breach of fiduciary duty claim (*see e.g. Pomerance v McGrath*, 124 AD3d 481 [1st Dept 2015]). Likewise, the request to remove Plaintiff's ring camera, which violated the house rules, does not constitute a breach of fiduciary duty. Nor does the request for access to Plaintiff's bathroom to address complaints of a leak in a unit below constitute a breach of a fiduciary duty as it was necessary to prevent damage to the Building and neighboring units.

Plaintiff's claim for nuisance is also dismissed. To prove nuisance, a plaintiff must show (1) an interference substantial in nature; (2) intentional in origin; (3) unreasonable in character; (4) with a person's property right to use and enjoy land; and (5) caused by another's conduct in acting or failure to act (*Chelsea 18 Partners, LP v Sheck Yee Mak*, 90 AD3d 38 [1st Dept 2011]). Here, Roth complains that he hears the Neidich's grandchild occasionally screaming in the hallway, and

**154315/2022   ROTH, SCOTT ET AL vs. BOARD OF MANAGERS OF 299 WEST 12TH ST. CONDOMINIUM**
**Motion No.  003**

**Page 4 of 5**

4 of 5

[* 4]

that when he is in the hallway, he hears the Neidich's personal assistants speaking on the phone (NYSCEF Doc. 52 at 88). He also complained about hearing a door slam shut (*id.* at 94). He further complained about the smell of stale coffee emanating into the hallway (*id.* at 84). In a multi-unit pre-war building in the West Village, these alleged interferences are not so substantial or unreasonable in character to give rise to a nuisance claim (*see e.g. Brown v Blennerhasset Corp.*, 113 AD3d 454 [1st Dept 2014]). These noises are incidental to normal occupancy. Moreover, there is no evidence that any of the noise or smells were intentional in origin, nor were the noises or smells caused in any way by the Board.

Accordingly, it is hereby,

ORDERED that Defendant Board of Managers of 299 West 12th St. Condominium motion for summary judgment dismissing Plaintiffs Scott Roth and the Scott Roth 2001 Trust's Complaint is granted, and the Plaintiffs' Complaint is hereby dismissed; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/2/2025 | | | *Mary V Rosado JSC* | |
|---|---|---|---|---|
| **DATE** | | | HON. MARY V. ROSADO, J.S.C. | |
| **CHECK ONE:** | x | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | x | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**154315/2022 ROTH, SCOTT ET AL vs. BOARD OF MANAGERS OF 299 WEST 12TH ST. CONDOMINIUM**
**Motion No. 003**

**Page 5 of 5**

[* 5]

5 of 5