■ In the Matter of the General Assignment of Creditors of IDEAL RELIABLE SUNDRIES, INC. STANLEY TULCHIN, Respondent; GREENPOINT TERMINAL WAREHOUSE, INC., Appellant.—Order, Supreme Court, New York County, entered on July 9, 1974, granting the motion by the assignee for the benefit of creditors for a turn-over of moneys paid by the assignor, expunging respondent landlord's claim as a general creditor and denying respondent's cross motion for leave to file an amended proof of claim *nunc pro tunc*, unanimously modified on the law to the extent of denying the assignee's application to expunge respondent's claim for $7,684.05 and, as so modified, the order is otherwise affirmed, without costs and without disbursements. Respondent landlord admittedly was entrusted with $21,250, which it deposited in a regular commingled account. On this record we conclude, as did Special Term, that said sum constituted a security deposit, the commingling of which constituted conversion. (General Obligations Law, § 7-103.) However, respondent's claim as a general creditor, in the sum of $7,684.05, should not have been expunged. A covenant to pay rent is independent from a covenant by the landlord to return a security deposit. Concur—Kupferman, J. P., Murphy, Lupiano, Tilzer and Capozzoli, JJ.

■ ROBERT C. ATKINS, Respondent, v ABRAHAM I. FRIEDMAN, Defendant, and BERKLEY PUBLISHING CORPORATION et al., Appellants.—Order, Supreme Court, New York County, entered on June 9, 1975, denying defendants' motion for summary judgment dismissing the complaint herein, unanimously reversed, on the law, and motion granted, without costs and without disbursements. Plaintiff, in five causes of action, alleges violations of his right of privacy and that he has been libeled in diverse ways. The claims of the plaintiff run afoul of *New York Times Co. v Sullivan* (376 US 254). Plaintiff, a well-known physician and coauthor of "Dr. Atkins Diet Revolution", which sold almost four million copies, is obviously a public figure *(Curtis Pub. Co. v Butts*, 388 US 130), whose publications are of public interest. *(Rosenbloom v Metromedia*, 403 US 29.) As such, he cannot recover "in the absence of proof that the defendant published the [item] with knowledge of its falsity or in reckless disregard of the truth". *(Time, Inc., v Hill*, 385 US 374, 388; *Spahn v Julian Messner, Inc.*, 21 NY2d 124, 127; *Estate of Hemingway v Random House*, 23 NY2d 341, 352.) A review of the papers submitted at Special Term indicates that plaintiff failed to come forward with any evidentiary proof of actual malice. Nor did he factually raise an issue as to the truthfulness of the statements he attacks. "It is well settled that summary judgment is properly granted where a qualified privilege obtains and the plaintiffs offer an insufficient showing of actual malice. * * * In the case before us, the plaintiffs have made no showing of knowing or reckless falsity" *(Trails West v Wolff*, 32 NY2d 207, 221; see, also, *Cole Fisher Rogow, Inc. v Carl Ally, Inc.*, 25 NY2d 943; *Shapiro v Health Ins. Plan of Greater N. Y.*, 7 NY2d 56, 63-64). Defendants were entitled to summary judgment. Concur—Kupferman, J. P., Murphy, Tilzer, Capozzoli and Lane, JJ.