■ DELORIS G. DYER et al., Doing Business as DYER BLAKE REALTY, Respondents, v ALBERT C. ULINE et al., Appellants.— Kane, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered December 2, 1987 in Warren County, which denied defendants' motion for an order of preclusion and granted plaintiffs' motion for summary judgment.

On December 13, 1986, defendants, pursuant to a written agreement, listed their residence for sale with plaintiffs, who were licensed real estate brokers. The agreement set forth a brokerage fee of 10% of the purchase price. Thereafter, in May 1987, Bob Howard, Inc., as the selling broker, procured a

buyer for the home at a purchase price of $89,900. Prior to closing, defendants placed $6,000 in escrow with Bob Howard, Inc. After the closing, Bob Howard, Inc. transferred $2,853.50 to plaintiffs and retained $3,146.50, that being the remainder of the $6,000, for itself, as the selling broker. Defendants then paid an additional $1,641.50 directly to plaintiffs. Plaintiffs thus received a total commission of $4,495, which was only 5% of the total purchase price.

As a result, plaintiffs commenced the instant action seeking further payment of $1,348.50. This amount, when added to the $6,000 escrow and the additional $1,641.50 already paid by defendants, totals $8,990, 10% of the purchase price. Defendants, however, in their answer, argued that since Bob Howard, Inc. was the party that procured the sale instead of plaintiffs, plaintiffs were entitled to only 5% of the purchase price. Thereafter, defendants served a demand for a bill of particulars to which plaintiffs responded. Arguing that plaintiffs' bill of particulars was not sufficiently precise, defendants moved for an order of preclusion. In addition to opposing the motion, plaintiffs also moved for summary judgment against defendants. Defendants' motion was denied and Supreme Court granted summary judgment in favor of plaintiffs. Defendants now appeal.

We affirm. Defendants' argument that the bill of particulars submitted by plaintiffs failed to sufficiently particularize the items sought is without merit (see, CPLR 3042 [d]; *Bassett v Bando Sangsa Co.*, 94 AD2d 358, 359, *appeal dismissed* 60 NY2d 962). Contrary to defendants' assertions, the answers interposed were totally responsive, their only fault being that they were not the answers desired by defendants. Therefore, the motion for an order of preclusion was properly denied (see, *Brady v Benedictine Hosp.*, 74 AD2d 937, 938).

The grant of summary judgment in plaintiffs' favor was also proper. We reject defendants' claim that the affidavit submitted by plaintiffs' attorney failed to adequately support the motion. Although the affidavit was not based on facts within the attorney's personal knowledge, this did not serve to defeat plaintiffs' motion insofar as the affidavit was supported by documentary proof before Supreme Court (see, *Olan v Farrell Lines*, 64 NY2d 1092, 1093). Additionally, even viewing the evidence in the light most favorable to defendants as we are required to do (see, *Passonno v Hall*, 125 AD2d 767, 768), Supreme Court properly found that no triable issues of fact existed. The parties agreed on all the facts regarding the amounts paid to and by each party. Furthermore, although

defendants claim otherwise, the listing agreement was clearly an exclusive one and plaintiffs and Bob Howard, Inc. were not cobrokers. Therefore, defendants' argument that plaintiffs, as listing brokers, were limited to a 5% commission since they did not procure a buyer must fail. Plaintiffs were therefore correct in maintaining that defendants were obligated to pay them 10% of the purchase price and that any payment arrangements between plaintiffs and Bob Howard, Inc. had no bearing on defendants' obligation to pay plaintiffs the full 10% commission (see, Hammond, Kennedy & Co. v Servinational, Inc., 48 AD2d 394, 397).

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.