■ PAUL I. KROHN, Respondent, v FELIX INDUSTRIES, INC., et al., Appellants. [755 NYS2d 285] —In an action to recover payments allegedly due and owing for services performed and material furnished under written agreements, the defendant Felix Industries, Inc., appeals from so much of (1) an order of the Supreme Court, Kings County (I. Aronin, J.), dated May 21, 2001, as granted that branch of the plaintiff's motion which was for summary judgment on the second cause of action, and (2) a judgment of the same court, entered June 19, 2001, as is in favor of the plaintiff and against it in the principal sum of $20,049.25, and the defendant Felix Equities, Inc., separately appeals from so much of (1) the same order as granted that branch of the plaintiff's motion which was for summary judgment on the third cause of action, and (2) the same judgment as is in favor of the plaintiff and against it in the principal sum of $66,237.16.

Ordered that the appeals from the order are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (*see* CPLR 5501 [a] [1]).

Pursuant to an agreement between Argrett Enterprises Corp. (hereinafter Argrett) and the defendant Felix Industries, Inc., and a separate agreement between Argrett and the defendant Felix Equities, Inc., Argrett provided materials and services to the defendants. Argrett declared bankruptcy, and the plaintiff was named its trustee in bankruptcy. The plaintiff commenced this action against the defendants to recover amounts due and

owing for the materials and services Argrett provided which the defendants failed to pay. The Supreme Court granted the plaintiff's motion for summary judgment on the second and third causes of action. The defendants now appeal, and we affirm.

The grant of summary judgment in the plaintiff's favor was proper. We reject the defendants' claim that the affirmation submitted by the plaintiff's attorney failed to adequately support the motion. Although the affirmation was not based on facts within the attorney's personal knowledge, this did not serve to defeat the plaintiff's motion insofar as the affirmation was supported by documentary proof before the Supreme Court (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Stiber v Cotrone,* 153 AD2d 1006 [1989]; *Dyer v Uline,* 142 AD2d 879 [1988]; *Olan v Farrell Lines,* 64 NY2d 1092, 1093 [1985]). Additionally, viewing the evidence in the light most favorable to the defendants, as we are required to do (*see Passonno v Hall,* 125 AD2d 767, 768 [1986]), the Supreme Court properly found that no triable issue of fact exists.

The defendants' remaining contentions are without merit. Goldstein, J.P., McGinity, Adams and Townes, JJ., concur.