■ THOMAS J. GILLEN, Respondent-Appellant, v UTICA FIRST INSURANCE COMPANY, Appellant-Respondent. [839 NYS2d 155]—

In an action to recover damages for breach of contract and violation of General Business Law § 349, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Hudson, J.), dated November 2, 2005, as denied its cross motion for a protective order regarding certain discovery demands made by the plaintiff, and the plaintiff cross-appeals from so much of the same order as denied its motion to strike the defendant's answer pursuant to CPLR 3126 and "admonished" his counsel for using "insulting" language in his papers towards the defendant's counsel.

Ordered that the cross appeal from so much of the order as "admonished" the plaintiff's counsel for using "insulting" language in his papers toward the defendant's counsel is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from and insofar as reviewed on the cross appeal, without costs or disbursements.

The supervision of disclosure and the setting of reasonable terms and conditions therefor are matters resting within the court's discretion and, absent an improvident exercise of that discretion, its determinations will not be disturbed on appeal (*see Matter of U. S. Pioneer Elecs. Corp. [Nikko Elec. Corp. of Am.]*, 47 NY2d 914, 916 [1979]; *Mattocks v White Motor Corp.*, 258 AD2d 628, 629 [1999]). Here, the Supreme Court providently exercised its discretion in denying the defendant's cross motion for a protective order regarding certain interrogatories interposed by the plaintiff. The sought-after information was relevant to the plaintiff's cause of action alleging a violation of General Business Law § 349.

The Supreme Court also providently exercised its discretion

in denying the plaintiff's motion to strike the defendant's answer as a sanction for the defendant's failure to answer the subject interrogatories. Although actions should be resolved on the merits wherever possible (*see Cruzatti v St. Mary's Hosp.*, 193 AD2d 579, 580 [1993]), a court may strike the defendant's answer as a sanction if the defendant "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). While the nature and degree of the sanction to be imposed is a matter that rests within the court's discretion (*see Soto v City of Long Beach*, 197 AD2d 615, 616 [1993]; *Spira v Antoine*, 191 AD2d 219 [1993]), "striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands [was] willful, contumacious or in bad faith" (*Harris v City of New York*, 211 AD2d 663, 664 [1995]). Here, contrary to the contention of the plaintiff, he failed to make a clear showing that the defendant's failure to answer the interrogatories was in bad faith. Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.