■ BETTY NEGRO, Appellant, v ST. CHARLES HOSPITAL AND REHABILITATION CENTER et al., Defendants, and NEIL KURTZ, Respondent. [843 NYS2d 178]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Weber, J.), entered May 3, 2006, which granted that branch of the motion of the defendant Neil Kurtz which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3126 for failure to comply with disclosure orders, and (2) an order of the same court entered July 10, 2006, which denied her motion for leave to renew and reargue.

Ordered that the appeal from the order entered July 10, 2006, is dismissed, without costs or disbursements; and it is further,

Ordered that the order entered May 3, 2006, is reversed, on the facts and in the exercise of discretion, on the law, without costs or disbursements, and that branch of the motion of the defendant Neil Kurtz which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3126 for failure to comply with disclosure orders is denied on condition that the plaintiff's attorneys personally pay the sum of $5,000 to the defendant Neil Kurtz within 30 days after service upon him of a copy of this decision and order; in the event the plaintiff's attorneys fail to pay, the appellant may personally pay the sum of $5,000 to the defendant Neil Kurtz within 60 days after service upon her of a copy of this decision and order; in the event the condition is not complied with, then the order is affirmed insofar as appealed from, with costs to the respondent.

The plaintiff commenced this action, inter alia, to recover damages for medical malpractice. The defendant Dr. Neil Kurtz, moved, among other things, to dismiss the complaint insofar as asserted against him pursuant to CPLR 3126 based on the plaintiff's failure to comply with disclosure orders. The Supreme Court granted such relief. We reverse.

Strong public policy favors the resolution of cases on the merits (see Gillen v Utica First Ins. Co., 41 AD3d 647 [2007]; Eckna v Kesselman, 11 AD3d 507 [2004]). However, CPLR 3126 authorizes the imposition of disclosure sanctions, including the striking of all or a portion of a pleading, where a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds out ought to have been disclosed." While the nature and degree of the sanction to be imposed is a matter that rests within the trial court's discretion, the drastic remedy of striking a pleading should not be imposed unless the failure to comply was willful and contumacious (see Kihl v Pfeffer, 94 NY2d 118, 122-123 [1999]; Gillen v Utica First Ins. Co., 41 AD3d 647 [2007]; Joseph v Iannace, 6 AD3d 502 [2004]). Here, the record does not support a finding that the failure to comply was willful and contumacious. Indeed, the disclosure at issue was only a portion of the voluminous disclosure demanded and otherwise provided. Rather, the failure appears to result from the disorganization and ineptitude of the plaintiff's counsel. Consequently, the Supreme Court improvidently exercised its discretion in dismissing the complaint insofar as asserted against Dr. Kurtz. However, because Dr. Kurtz has endured delays and was required to seek judicial intervention to secure disclosure to which he was entitled, the imposition of a monetary sanction in the sum of $5,000 is appropriate (see Garan v Don & Walt Sutton Bldrs., Inc., 27 AD3d 521 [2006]).

The appeal from so much of the order entered July 10, 2006, as denied that branch of the plaintiff's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying a motion for reargument. The appeal from so much of that order as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order entered May 3, 2006. Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.