■ CELINE M. ARMSTRONG, Respondent, v ARCHIVES L.L.C., Appellant. [847 NYS2d 583]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered May 18, 2007, which granted plaintiff tenant partial summary judgment on her causes of action for breach of the implied warranty of habitability and for a declaratory judgment that she rightfully terminated her lease and is not liable for further rent, and dismissed defendant landlord's defenses and counterclaim, unanimously reversed, on the law, without costs, the motion denied, and defendant's affirmative defenses and counterclaim for attorneys' fees reinstated.

Contrary to the motion court's finding, the affidavits submitted by defendant raise material issues of fact as to whether the alleged noise emanating from a neighboring apartment was "so excessive that [plaintiff was] deprived of the essential functions that a residence is supposed to provide" (*Kaniklidis v 235 Lincoln Place Hous. Corp.*, 305 AD2d 546, 547 [2003], citing, inter alia, Real Property Law § 235-b [1]; *Solow v Wellner*, 86 NY2d 582 [1995]; and *Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316, 328 [1979], *cert denied* 444 US 992 [1979]). Plaintiff's showing that many complaints were made is not alone sufficient to establish a breach of the warranty of habitability. Nor does defendant's notice of cure reciting the dates and substance of noise complaints against the offending tenant constitute a conclusive admission or proof that the alleged noise rose to the level of a breach of the warranty of habitability. Additionally,

plaintiff's claim that defendant did nothing to address her complaints is contradicted by defendant's evidence that its agents, including a porter and the doormen, assisted plaintiff on numerous occasions by calling the offending tenant and going to his apartment in response to her complaints and setting up meetings to explore her relocation options to another apartment in the building, and that defendant's counsel wrote letters to, and served a notice to cure upon, the offending tenant. While it may be ultimately proven that defendant breached the implied warranty of habitability, the present record does not as a matter of law establish it (*cf. Matter of Nostrand Gardens Co-Op v Howard*, 221 AD2d 637 [1995]; *Witherbee Ct. Assoc. v Greene*, 7 AD3d 699 [2004]). For the same reasons that summary judgment is denied on the cause of action for breach of the warranty of habitability, summary judgment is denied on plaintiff's cause of action for a declaratory judgment as well (*see Joseph P. Day Realty Corp. v Franciscan Sisters for Poor Health Sys.*, 256 AD2d 134 [1998]). Concur—Saxe, J.P., Friedman, Sweeny, McGuire and Malone, JJ. [*See* 2007 NY Slip Op 31261(U).]