BRENDA SANTIAGO, Respondent, v NYACK HOSPITAL et al., Appellants, et al., Defendants. [889 NYS2d 494]—

Given the strong public policy favoring resolution of cases on their merits (*see Negro v St. Charles Hosp. & Rehabilitation Ctr.,* 44 AD3d 727, 728 [2007]), under the circumstances here, the Supreme Court providently exercised its discretion in denying those branches of the appellants' respective motions which were to dismiss the complaint pursuant to CPLR 3126. The appellants failed to establish that any of the plaintiff's delays in complying with court-ordered discovery were willful and contumacious such that the drastic remedy of dismissing the complaint would be justified (*see Negro v Saint Charles Hosp. & Rehabilitation Ctr.,* 44 AD3d at 728; *Sisca v City of Yonkers, N.Y.,* 24 AD3d 531, 532 [2005]; *A.F.C. Enters., Inc. v New York City School Constr. Auth.,* 33 AD3d 737 [2006]; *Lampel v Sergel,* 287 AD2d 548, 549 [2001]).

Furthermore, under the circumstances, the Supreme Court properly denied those branches of the appellants' motions which were pursuant to CPLR 3211 (a) (3) to dismiss the complaint insofar as asserted against each of them on the ground that the plaintiff, who was granted letters of limited administration with respect to the estate of the decedent, Carmen Alicea, lacked the

capacity to maintain the instant action as the representative of that estate (*cf.* CPLR 205 [a]; *Carrick v Central Gen. Hosp.*, 51 NY2d 242, 252 [1980]).

The defendants' remaining contentions are without merit. Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.