■ JOHN PATERNO, Respondent-Appellant, v JOHN CARROLL et al., Appellants-Respondents. [905 NYS2d 653]—

In an action to recover damages for breach of a lease, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated October 19, 2009, as denied those branches of their motion which were for summary judgment dismissing the complaint and on their counterclaims to recover their security deposit and to recover damages for breach of the lease, and the plaintiff cross-appeals from so much of the same order as denied those branches of his cross motion which were for summary judgment on the complaint and dismissing the defendants' counterclaims and to strike the defendants' answer pursuant to CPLR 3126.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment on their counterclaim to recover their security deposit, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In July 2006 the defendants, John Carroll and Lisa Heberley Carroll (hereinafter together the Carrolls), entered into a one-year lease with the plaintiff landlord, John Paterno, for a three-floor, three-bedroom condominium in Manhasset (hereinafter the condo), and gave Paterno the sum of $18,000, representing a $12,000 security deposit, plus the first month's rent in the sum of $6,000. The lease provided the Carrolls with an option to extend the lease for one year with rent in the sum of $6,100 per month, and that the Carrolls must exercise the option by written notice on or before April 30, 2007. The Carrolls did not exercise their option by April 30, 2007, but on May 17, 2007, Paterno wrote the Carrolls to ask them whether they wished to renew the lease for rent in the sum of $6,100 per month. The defendant Lisa Heberley Carroll (hereinafter Lisa) faxed Paterno a signed statement asserting that she wished to "renew the option" for the period commencing August 1, 2007.

On or about July 25, 2007, Lisa allegedly discovered mold on the ceiling of the master bedroom in the condo. She subsequently

hired an environmental testing company, which informed the Carrolls that testing had revealed the presence of Aspergillus fumigatus, a "toxic" mold, in the master bedroom, and recommended measures for remediation. On August 16, 2007, Lisa faxed Paterno a letter informing him that because of the mold, she and John Carroll would be forced to vacate the premises as soon as possible, and that "[g]iven this untenable living situation, we believe that our financial obligation under this lease should cease today." Thereafter, the Carrolls entered into a lease for an apartment in Manhattan, and moved in on or about September 2, 2007. The Carrolls moved their belongings out of the condo on or about September 15, 2007, but left personal property in the master bedroom, and told Paterno that they wished to have those items checked for mold contamination, and cleaned if necessary.

Subsequently, the Carrolls requested the return of their security deposit. When Paterno failed to return it, the Carrolls commenced an action in the District Court, Nassau County, alleging that Paterno had commingled their security deposit with his personal funds in violation of General Obligations Law § 7-103. Paterno asserted a counterclaim to recover damages in the sum of $70,470 for breach of the lease, including unpaid rent and damages incurred in removing the Carrolls' personal property from the premises and making repairs.

In January 2008 Paterno commenced this action in the Supreme Court, Nassau County, alleging causes of action that were substantially the same as his counterclaims in the District Court action. The Carrolls asserted counterclaims alleging, inter alia, that Paterno had improperly commingled their security deposit with personal funds and breached the warranty of habitability.

In April 2008 the parties entered into a stipulation to discontinue the District Court action "with prejudice." According to Paterno's deposition testimony, that action was discontinued because the parties wanted to "continue" the action in the Supreme Court, as the amount sought in his counterclaim exceeded the District Court's jurisdiction.

In June 2009 the Carrolls moved, inter alia, for summary judgment dismissing the complaint in this action and on their counterclaims to recover their security deposit and to recover damages for breach of the lease. Paterno cross-moved for summary judgment on the complaint and dismissing the counterclaims and to strike the Carrolls' answer pursuant to CPLR 3126 for failure to comply with discovery orders. In the order appealed from, the Supreme Court, inter alia, denied the motion and the cross motion. We modify.

The Carrolls correctly contend that the Supreme Court should have awarded them summary judgment on their counterclaim to recover their security deposit. Their showing that Paterno failed to give them written notice of the banking institution that held the deposit, in violation of General Obligations Law § 7-103, permitted an inference that Paterno violated General Obligations Law § 7-103 by commingling security deposit moneys with his own personal funds, and Paterno failed to rebut this inference (*see Dan Klores Assoc. v Abramoff*, 288 AD2d 121 [2001]; *LeRoy v Sayers*, 217 AD2d 63, 68-69 [1995]). As a result of such commingling, Paterno forfeited his right to avail himself of the deposit for any purpose, and the Carrolls have an immediate right to return of the funds notwithstanding that they may have breached the lease (*see Tappan Golf Dr. Range, Inc. v Tappan Prop., Inc.*, 68 AD3d 440 [2009]; *Dan Klores Assoc. v Abramoff*, 288 AD2d at 122; *LeRoy v Sayers*, 217 AD2d at 68-69). Paterno's defense that the counterclaim was barred by the doctrine of res judicata was waived because he failed to assert it in his answer or in a motion made before service of the answer was required (*see* CPLR 3211 [e]; *Mayers v D'Agostino*, 58 NY2d 696, 698 [1982]). However, contrary to the Carrolls' contention, Paterno's violation of General Obligations Law § 7-103 did not relieve them of their obligation to pay rent (*see Matter of Ideal Reliable Sundries [Tulchin]*, 49 AD2d 852 [1975]; *Mercantile Exch. Leasing Corp. v Astor-Broadway Holding Corp.*, 3 AD2d 833 [1957], *affd* 4 NY2d 910 [1958]). Thus, Paterno's violation of General Obligations Law § 7-103 did not entitle the Carrolls to summary judgment dismissing the complaint.

The Carrolls also contend that their option to renew the original lease expired on April 30, 2007, and that their faxed statement to Paterno on May 17, 2007, was ineffective to renew their lease. While it is true that the Carrolls failed to timely exercise their option to extend the lease, thus forfeiting their right to exercise the option (*see J. N. A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392, 396 [1977]; *Kunze v Arito, Inc.*, 48 AD3d 272, 273 [2008]), Paterno waived his right to refuse renewal on this ground, and the parties effectively agreed to a one-year renewal of the lease. Thus, contrary to the Carrolls' contention, they were not entitled to summary judgment dismissing the complaint on this ground.

The Supreme Court properly determined that both the Carrolls and Paterno failed to establish the absence of triable issues of fact with respect to whether Paterno breached the warranty of habitability (*see* Real Property Law § 235-b; *Park W. Mgt. Corp. v Mitchell*, 47 NY2d 316 [1979], *cert denied* 444 US 992

[1979]; *Armstrong v Archives L.L.C.*, 46 AD3d 465, 465-466 [2007]).

Contrary to Paterno's contention, the Supreme Court providently exercised its discretion in denying that branch of his cross motion which was to strike the Carrolls' answer as a sanction for their alleged "willful and contumacious" failure to comply with discovery (*see Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d 727, 728 [2007]; *Gillen v Utica First Ins. Co.*, 41 AD3d 647, 648 [2007]).

The Carrolls' notice of appeal was limited to that portion of the Supreme Court's order which denied that branch of their motion which was for summary judgment. Accordingly, their contention that the Supreme Court should not have precluded them from offering certain evidence at trial as a result of their alleged failure to comply with discovery orders is not properly before this Court (*see Huger v Cushman & Wakefield, Inc.*, 58 AD3d 682, 683 [2009]; *Village of Croton-on-Hudson v Northeast Interchange Ry., LLC*, 46 AD3d 546, 548 [2007]; *City of Mount Vernon v Mount Vernon Hous. Auth.*, 235 AD2d 516, 516-517 [1997]).

Additionally, we do not reach the Carrolls' contention concerning that branch of their motion which was for an award of an attorney's fee, as that branch of the motion was not addressed by the Supreme Court, and therefore remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

The parties' remaining contentions are without merit. Skelos, J.P., Eng, Hall and Lott, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32548(U).]**