◼ GIHON, LLC, Respondent, v 501 SECOND STREET, LLC, et al., Appellants, et al., Defendant. [962 NYS2d 238]—

In a consolidated action, inter alia, to recover damages for conversion and breach of a lease, and to recover money had and received, the defendants 501 Second Street, LLC, Dorothy Nash, Rachel Nash, and Esther Nash, individually and doing business as 501 Second Street Holding Corp., appeal from a judgment of the Supreme Court, Kings County (Knipel, J.), entered January 3, 2011, which, upon an order of the same court dated July 30, 2010, as amended November 4, 2010, among other things, granting that branch of the plaintiff's motion which was for summary judgment on the sixth, eighth, ninth, and tenth causes of action to the extent of directing that the defendant 501 Second Street, LLC, return the plaintiff's security deposit referable to the lease for the subject property, is in favor of the plaintiff and against the defendant 501 Second Street, LLC, in the principal sum of $120,000, together with statutory interest pursuant to CPLR 5004.

Ordered that the appeal by the defendants Dorothy Nash, Rachel Nash, and Esther Nash, individually and doing business as 501 Second Street Holding Corp., is dismissed, as those defendants are not aggrieved by the judgment appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgment is affirmed on the appeal by the defendant 501 Second Street, LLC; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant 501 Second Street, LLC; and it is further,

Ordered that on the Court's own motion, counsel for the respective parties are directed to show cause why an order should or should not be made and entered imposing such sanctions and costs, if any, against the defendants 501 Second Street, LLC, Dorothy Nash, Rachel Nash, and Esther Nash, individually and doing business as 501 Second Street Holding Corp., and/or their counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of an affirmation or affidavit on that issue with the Clerk of this Court and serving one copy of the same on each other on or before March 27, 2013; and it is further,

Ordered that the Clerk of this Court, or her designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.

After a lengthy trial on the issue of whether the plaintiff breached the subject lease, the Supreme Court, in a judgment dated May 3, 2006, determined that the plaintiff had performed all of its obligations under the lease. The plaintiff thereafter sought to recover the security deposit it had given in connection with the lease.

Contrary to the contention of the defendant 501 Second Street, LLC (hereinafter the LLC), General Obligations Law § 7-103, and, in particular, General Obligations Law § 7-103 (2-a), apply to the lease executed by the parties. General Obligations Law § 7-103 (2-a) provides, in pertinent part, that with respect to a down payment "for the rental of property containing six or more family dwelling units, the person receiving such money shall, subject to the provisions of this section, deposit it in an interest bearing account in a banking organization within the state." The statute makes no exception for a mixed commercial/residential building, such as the subject property. The applicability of the statute is expressly conditioned on the nature of the building, and not on the nature of any particular lease referable to units within the building.

The LLC failed to provide the plaintiff with written notice of the banking institution where the security deposit was being held, which permitted an inference that the LLC violated General Obligations Law § 7-103 by commingling security deposit funds with its own personal funds (see Paterno v Carroll, 75 AD3d 625, 628 [2010]). The LLC presented no evidence to rebut the inference that the security deposit was commingled. The

LLC thus forfeited its right to avail itself "of the deposit for any purpose, and the [plaintiff had] an immediate right to return of the funds," even if the plaintiff had breached the lease (*Paterno v Carroll*, 75 AD3d at 628). Moreover, on April 17, 2003, the LLC sent a notice terminating and cancelling the parties' lease, and indicated that the security deposit "will not be returned." Thus, in connection with the plaintiff's motion for summary judgment on the issue of whether it was entitled to a refund of its security deposit, the plaintiff established its prima facie entitlement to judgment as a matter of law. In opposition, the LLC failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court correctly granted that branch of the plaintiff's motion which was for summary judgment directing the LLC to return the security deposit provided to it by the plaintiff.

There is no merit to the LLC's contention that the plaintiff's motion was not supported by an affidavit of a person with knowledge of the facts, but was, rather, improperly supported only by the affirmation of the plaintiff's attorney, as the affirmation merely served as a vehicle for the submission of documentary evidence (*see Tingling v C.I.N.H.R., Inc.*, 74 AD3d 954, 956 [2010]; *Davey v Dolan*, 46 AD3d 854 [2007]; *Krohn v Felix Indus.*, 302 AD2d 499, 500 [2003]; *Pantaleone v Viewmore Homes*, 225 AD2d 599, 600 [1996]; *Cerulean Land Developers Corp. v Colon Dev. Corp.*, 144 AD2d 615, 616 [1988]).

The LLC's contention that the Supreme Court erred in awarding statutory interest on the judgment at the rate of 9% per annum is without merit (*see* CPLR 5001 [a], [b]; 5003, 5004).

We conclude that sanctions may be warranted for the conduct of counsel for the LLC, and the defendants Dorothy Nash, Rachel Nash, and Esther Nash, individually and doing business as 501 Second Street Holding Corp. (hereinafter collectively the 501 defendants), as that conduct appears to be frivolous (*see Martin v Burns*, 77 AD3d 633, 635 [2010]). As relevant here, frivolous conduct includes the assertion of arguments that are "completely without merit in law and [which] cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]), and the assertion of "material factual statements that are false" in the briefs filed by counsel on behalf of the defendants (22 NYCRR 130-1.1 [c] [3]; *see Korbel v Zoning Bd. of Appeals of Town of Horicon*, 28 AD3d 888, 889-890 [2006]).

Counsel's contention that the Supreme Court unlawfully awarded statutory interest on the judgment, arguably, is frivolous, as CPLR 5001 (a) provides, in relevant part, that interest

"*shall* be recovered upon a sum awarded because of a breach of performance of a contract" (emphasis supplied). Further, CPLR 5004 provides that "[i]nterest *shall* be at the rate of nine per centum per annum, except where otherwise provided by statute" (emphasis supplied).

Moreover, in the brief submitted in connection with the related appeal from an order dated July 30, 2010, as amended November 4, 2010 (*see Gihon, LLC v 501 Second Street, LLC*, 103 AD3d 839 [2013] [decided herewith]), counsel for the 501 defendants attempted to reargue the issues that had been determined in an order dated March 13, 2003, notwithstanding that the LLC had appealed from the 2003 order, and that appeal had been dismissed by this Court on November 25, 2003, for failure to perfect. On an appeal submitted in 2010, counsel for the 501 defendants subsequently attempted to reargue the identical issues. In its decision on that appeal, this Court determined that, "[a]s we have on three prior appeals, we decline to exercise our discretion to determine the issues raised on the present appeal which could have been raised on the appeal from the order dated March 13, 2003" (*Gihon, LLC v 501 Second St., LLC*, 77 AD3d 708, 709 [2010]). Despite the prior determination of this Court, counsel has again attempted to advance arguments that were previously made and disposed of in the order dated March 13, 2003.

In addition, counsel's allegations that the plaintiff "breached the commercial lease," as set forth in the briefs filed on behalf of the appellants on the related appeal, raise serious questions concerning counsel's good faith, since the Supreme Court, after a lengthy nonjury trial on that issue, determined that the plaintiff had performed all of its obligations under the lease except to the extent that the 501 defendants prevented it from doing so, and this Court has rejected several attempts by counsel to revisit that issue.

Counsel further alleged on the related appeal, as well as on the instant appeal from the judgment, that, "[o]n October 10, 2003, [the LLC] lawfully changed the name of its ownership . . . to 501 Second Street Holding Corp." In fact, it is undisputed that, rather than merely changing its name, the LLC transferred ownership of the subject property by way of a deed from the LLC to that corporation. In an order dated December 28, 2007, the Supreme Court determined that the transfer constituted a fraudulent conveyance, a determination that was affirmed by this Court on October 12, 2010 (*see Gihon, LLC v 501 Second St., LLC*, 77 AD3d 708 [2010]).

Furthermore, without any support, and apparently disregard-

ing the fact that Justice Knipel only awarded some, but not all, of the relief sought by the plaintiff, counsel nonetheless alleged, in the appellants' brief on the related appeal, that "Judge Knipel's order of July 30, 2010 is not founded in law and facts[;] instead it is an act of retaliation against Defendants and their counsel for requesting Judge Knipel to recuse himself for his bias [in favor of the plaintiff] and his prejudice against Defendants."

Accordingly, we direct counsel for the respective parties to show cause why sanctions should or should not be imposed against the 501 defendants and/or their counsel (*see Martin v Burns*, 77 AD3d at 635).

The LLC's remaining contentions are either unpreserved for appellate review, not properly before this Court, or without merit. Dillon, J.P., Balkin, Leventhal and Hall, JJ., concur.