■ Robert Milkie, Successor in Interest to JCR Fitness, Inc., Appellant, v Mindy Guzzone et al., Respondents. [39 NYS3d 243]—

In an action, inter alia, to recover a security deposit, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated May 15, 2014, as denied that branch of his motion which was for summary judgment on the fourth cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the fourth cause of action is granted.

In 2007, JCR Fitness, Inc. (hereinafter JCR), entered into a lease for real property with the defendant Mindy Guzzone for the purpose of opening a fitness center. The plaintiff, Robert

Milkie, was the principal of JCR, and on its behalf, he paid a $20,400 security deposit in connection with the JCR lease. Subsequently, JCR sold its business to a third party, but had previously assigned its interest in the security deposit to the plaintiff. The plaintiff demanded the return of the security deposit from Guzzone and from the defendant 213 Court Realty, LLC, the successor owner of the property. The defendants refused to return the security deposit, alleging that because the plaintiff owed rent and other money, they were entitled to retain it.

The plaintiff commenced this action, inter alia, to recover the security deposit alleging, under the fourth cause of action, a violation of General Obligations Law § 7-103. The defendants denied the allegations of the complaint and asserted counterclaims seeking to recover the money due under the lease. The plaintiff moved for summary judgment on the complaint and the defendants cross-moved to dismiss the complaint and to recover on their counterclaims. The Supreme Court denied the motion and cross motion. The plaintiff appeals from so much of the order as denied that branch of his motion which was for summary judgment on the fourth cause of action, to recover for violation of General Obligations Law § 7-103.

The Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the fourth cause of action. In support of his motion, the plaintiff established his prima facie entitlement to judgment as a matter of law on that cause of action by demonstrating that Guzzone failed to give written notice of the banking institution that held the deposit, in violation of General Obligations Law § 7-103 (2), permitting the inference that Guzzone violated General Obligations Law § 7-103 (1) by commingling security deposit moneys with her own personal funds. In opposition to the motion, Guzzone failed to rebut this inference (*see Paterno v Carroll*, 75 AD3d 625 [2010]; *Dan Klores Assoc. v Abramoff*, 288 AD2d 121 [2001]; *LeRoy v Sayers*, 217 AD2d 63, 68-69 [1995]). As a result of such commingling, Guzzone forfeited the right to avail herself of the deposit for any purpose, and the plaintiff had an immediate right to return of the funds notwithstanding that JCR may have breached the lease (*see Paterno v Carroll*, 75 AD3d 625 [2010]; *Tappan Golf Dr. Range, Inc. v Tappan Prop., Inc.*, 68 AD3d 440 [2009]; *Dan Klores Assoc. v Abramoff*, 288 AD2d at 122; *LeRoy v Sayers*, 217 AD2d at 68-69).

The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.