Palushaj Realty, LLC, Plaintiff-Respondent, 
against
Valentin Ryjov and Valentina Ryjov, Defendants-Appellants.



Defendants appeal from an order of the Civil Court of the City of New York, Bronx County (Shawn T. Kelly, J.), dated December 19, 2016, which denied their motion for summary judgment on their counterclaims.




Per Curiam.
Order (Shawn T. Kelly, J.), dated December 19, 2016, affirmed, without costs.
Although Civil Court denied defendants' motion for summary judgment on the ground that "there remain several questions of material fact," the court's decision failed to identify those triable issues of fact. Upon our review of the record, we conclude that defendants' submissions, including pleadings from a prior holdover proceeding, raise triable issues with respect to their warranty of habitability and other counterclaims, including the nature and duration of the alleged conditions in their apartment (see Armstrong v Archives L.L.C., 46 AD3d 465 [2007]; Elkman v Southgate Owners Corp., 233 AD2d 104 [1996]); whetherdefendants unreasonably refused to permit plaintiff-landlord access (see 150-15 79th Ave. Owners Corp. v James, 32 Misc 3d 132[A], 2011 NY Slip Op 50606[U] [App Term, 2nd, 11th and 13th Jud Dists. 2011]; Joan M. Bebry, LLC v Kruglova, 32 Misc 3d 143[A], 2011 NY Slip Op 51674[U][App Term, 2nd, 11th and 13 Jud Dists 2011]); whether the pattern of harassment alleged by defendants exceeded the bounds of decency and whether defendants suffered genuine and severe distress as a result (see Freihofer v Hearst Corp., 65 NY2d 135, 143 [1985]; Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [1983]). Thus, notwithstanding the absence of opposition papers, since defendants failed to make a prima facie showing of entitlement to judgment as a matter of law, summary judgment is unwarranted (see Zecca v Riccardelli, 293 AD2d 31, 34 [2002]; Public Serv. Mut. Ins. Co. v AYFAS Realty Corp., 234 AD2d 226, 227-228 [1996], lv dismissed 90 NY2d 844 [1997]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 12, 2018