Rubman v Osuchowski (2018 NY Slip Op 05416)





Rubman v Osuchowski


2018 NY Slip Op 05416


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


761 CA 18-00191

[*1]DAVID RUBMAN AND JENYA RUBMAN, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS-APPELLANTS,
v
WILLIAM OSUCHOWSKI AND OPR PROPERTY MANAGEMENT, LLC, DEFENDANTS-RESPONDENTS. 






THE LAW OFFICES OF E. DAVID HOSKINS, LLC, ALBANY (E. DAVID HOSKINS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
BARCLAY DAMON LLP, SYRACUSE (DAVID G. BURCH, JR., OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered January 4, 2018. The order granted the motion of defendants to dismiss the amended complaint and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the amended complaint insofar as asserted by plaintiff Jenya Rubman, individually, and on behalf of all others similarly situated, and as modified the order is affirmed without costs.
Memorandum: Plaintiff Jenya Rubman (Jenya) entered into a 12-month residential lease agreement with defendants, who own and manage more than 200 residential units in the City of Syracuse. Pursuant to the lease agreement, Jenya was required to pay a security deposit that would be returned by defendants within 30 days of the end of the lease term. After Jenya signed the lease and paid the security deposit, Jenya's father, plaintiff David Rubman (David), executed an addendum to the lease agreement in which he agreed to cosign the lease with Jenya. After the lease term concluded, defendants advised Jenya that only part of her security deposit would be returned as a result of various deductions that had been made by defendants. Plaintiffs commenced a class action against defendants seeking damages and declaratory and injunctive relief on behalf of themselves and all other persons who, within four years prior to the date of the filing of the amended complaint, rented residential property from defendants, provided defendants with a security deposit, and were not returned the entire security deposit upon termination of the lease. Plaintiffs alleged, inter alia, that defendants failed to return their security deposit within the time set forth in the lease, and commingled security deposit moneys with other funds inasmuch as defendants used the same checking account to return part of Jenya's security deposit and to reimburse Jenya for "overpaid rent." Supreme Court granted defendants' pre-answer motion to dismiss the amended complaint. We modify the order by denying the motion in part and reinstating the amended complaint as asserted by plaintiff Jenya Rubman, individually, and on behalf of all others similarly situated.
We agree with plaintiffs that the court erred in granting the motion with respect to the class action allegations. We conclude that, "accept[ing] the facts as alleged in the [amended] complaint as true, [and] accord[ing] plaintiffs the benefit of every possible inference" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]), the amended complaint contains sufficient allegations to withstand that part of defendants' motion seeking dismissal of the class action allegations pursuant to CPLR 3211 (a) (7). "[A] class action may be maintained in New York only after the five prerequisites set forth in CPLR 901 (a) have been met, i.e., the class is so numerous that joinder of all members is impracticable, common questions of law or fact predominate over [*2]questions affecting only individual members, the claims or defenses of the representative parties are typical of the class as a whole, the representative parties will fairly and adequately protect the interests of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy" (DeLuca v Tonawanda Coke Corp., 134 AD3d 1534, 1535 [4th Dept 2015] [internal quotation marks omitted]; see Rife v Barnes Firm, P.C., 48 AD3d 1228, 1229 [4th Dept 2008], lv dismissed in part and denied in part 10 NY3d 910 [2008]).
Here, plaintiffs adequately alleged all of the prerequisites to class certification (see generally Ferrari v Natl. Football League, 153 AD3d 1589, 1591 [4th Dept 2017]; Freeman v Great Lakes Energy Partners, L.L.C., 12 AD3d 1170, 1171 [4th Dept 2004]). Plaintiffs alleged that the class of tenants consists of more than 200 members, thereby satisfying the numerosity requirement (see generally Ferrari, 153 AD3d at 1591; Cherry v Resource Am., Inc., 15 AD3d 1013, 1013 [4th Dept 2005]). Plaintiffs also alleged that the common issue is whether, by commingling the security deposits of their tenants, defendants acted unlawfully, and that the individual issues are the amount of the security deposit and defendants' entitlement to deductions therefrom (see generally Borden v 400 E. 55th St. Assoc. L.P., 24 NY3d 382, 399 [2014]; Freeman, 12 AD3d at 1171). Thus, we conclude that plaintiffs sufficiently alleged that the common issues predominate (see CPLR 901 [a] [2]). Regarding the typicality requirement, plaintiffs alleged that their claims arise from "the same course of conduct and are based on the same theories as the other class members" (DeLuca, 134 AD3d at 1536 [internal quotation marks omitted]; see generally Freeman, 12 AD3d at 1171). Plaintiffs also alleged that they can fairly and adequately protect the interests of the class inasmuch as they do not have conflicting interests with other class members (see generally Ferrari, 153 AD3d at 1592; Cooper v Sleepy's, LLC, 120 AD3d 742, 744 [2d Dept 2014]). Plaintiffs satisfied the superiority requirement by alleging that the damages likely suffered by each of the tenants range between $475 and $4,500, and "the cost of prosecuting individual actions would deprive many of the putative class members of their day in court" (Ferrari, 153 AD3d at 1593). Thus, we conclude that the amended complaint contains sufficient allegations to state a class action (see generally Ackerman v New York Hosp. Med. Ctr. of Queens, 127 AD3d 794, 796 [2d Dept 2015]).
We further agree with plaintiffs that the court erred in granting the motion with respect to the first cause of action inasmuch as the amended complaint adequately alleges a cause of action for conversion in violation of General Obligations Law § 7-103 (see generally Milkie v Guzzone, 143 AD3d 863, 864 [2d Dept 2016]). Where, as here, a plaintiff alleges that a landlord failed to provide written notice of the banking institution that holds the security deposit, an inference that the security deposit funds were commingled in violation of section 7-103 (1) is permitted (see Paterno v Carroll, 75 AD3d 625, 628 [2d Dept 2010]), and the plaintiff may seek the " immediate' return [of the security deposit] notwithstanding that [the] plaintiff may . . . have breached the lease" (Dan Klores Assoc. v Abramoff, 288 AD2d 121, 122 [1st Dept 2001]; see Milkie, 143 AD3d at 864).
We also agree with plaintiffs that the court erred in granting the motion with respect to the second cause of action, alleging that defendants violated Property Conservation Code of the City of Syracuse § 27-125, inasmuch as that section gives rise to a private cause of action. Generally, "where a statute does not explicitly provide for a private right of action, we begin with the presumption that [the legislature] did not intend one' " (Jordan v Chase Manhattan Bank, 91 F Supp 3d 491, 501 [SD NY 2015], quoting Bellikoff v Eaton Vance Corp., 481 F3d 110, 116 [2d Cir 2007]), and the party seeking the private remedy has the burden of establishing that one was intended (see id.). It is well settled, however, that courts "have often found an implied right of private suit by a person aggrieved where the statute did not specifically so provide" (Bodric v Mayfair Constr. Corp., 44 AD2d 520, 520 [1st Dept 1974], citing United States v Post, 148 US 124 [1893]), where the "denial of a private suit would be the grant of a right without a remedy" (id.). Here, we conclude that Property Conservation Code of the City of Syracuse § 27-125, which has the purpose of protecting the tenant's security deposit from misuse and ensuring its prompt return to the tenant, impliedly creates a private cause of action.
We further conclude that the court erred in granting the motion with respect to plaintiffs' third cause of action, for declaratory and injunctive relief, and fourth cause of action, for attorney's fees, inasmuch as those causes of action are based upon allegations that defendants violated General Obligations Law § 7-103 and Property Conservation Code of the City of Syracuse § 27-125. We note that the lease includes a clause requiring tenants to pay attorneys' [*3]fees if they breach the lease and, pursuant to Real Property Law § 234, the tenant has the "same benefit [to attorneys' fees as] the lease imposes in favor of the landlord" (Matter of Duell v Condon, 84 NY2d 773, 780 [1995]). We reject defendants' contention that plaintiffs abandoned their request for attorneys' fees by failing to raise that issue in their appellate brief.
Finally, we reject plaintiffs' contention that the court erred in determining that David does not have standing to commence this action. Pursuant to the terms of the addendum to the lease agreement, David's interest in the security deposit was predicated on the default of Jenya, which did not occur. Thus, Jenya's interest in the security deposit was not assigned to David, and he therefore lacks standing to seek relief for defendants' alleged conduct with respect to the security deposit (see generally Xavier Constr. Co., Inc. v Bronxville Union Free Sch. Dist., 143 AD3d 976, 977 [2d Dept 2016]).
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court