Wagenheim v Bencheikh (2023 NY Slip Op 50588(U))

[*1]

Wagenheim v Bencheikh

2023 NY Slip Op 50588(U)

Decided on May 26, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 26, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., MARINA CORA MUNDY, LOURDES M. VENTURA, JJ

2022-1021 K C

Michael S. Wagenheim, Appellant,
against
Amine S. Bencheikh and April M. Novak, Respondents. 

Michael S. Wagenheim, appellant pro se.
Amine S. Bencheikh and April M. Novak, respondents pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the Civil Court of the City of New York, Kings County (Rachel Freier, J.), entered June 27, 2022. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $750.

ORDERED that the judgment is modified by increasing the award in favor of plaintiff to the principal sum of $1,563.31; as so modified, the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $4,563.31 from defendants, his former landlords. That sum represented the remaining $1,563.31 of his security deposit and $3,000 in punitive damages. Following a nonjury trial, the Civil Court awarded plaintiff a judgment in the principal sum of $750, without explaining the basis for the award. On appeal, plaintiff argues that he should have been awarded the full balance of his security deposit. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is [*2]given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Generally, a security deposit remains the property of the tenant (see General Obligations Law § 7-103 [1]) and must be returned at the conclusion of the tenancy, absent proof, for example, that tenant caused damage beyond that attributable to ordinary wear and tear (see Cuevas v Rowinski, 70 Misc 3d 130[A], 2020 NY Slip Op 51522[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Gable v Cahill, 69 Misc 3d 128[A], 2020 NY Slip Op 51135[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). 
A landlord is required to hold a security deposit in trust for the tenant (see General Obligations Law 7-103 [1]) and, if the landlord deposits a tenant's security deposit into a banking organization, to provide tenant with written notice of the name and address of the banking organization and the amount deposited (see General Obligations Law § 7-103 [2]). Failure to provide the written notice creates an inference of violating General Obligations Law § 7-103 (1) by commingling the security deposit with personal funds and, without evidence to rebut that inference, a landlord will forfeit the right to retain the security deposit for any purpose, even if a tenant had breached the lease (see Milkie v Guzzone,143 AD3d 863 [2016]; Gihon, LLC v 501 Second St., LLC, 103 AD3d 840 [2013]; Paterno v Carroll, 75 AD3d 625 [2010]). 
Here, a review of the record indicates that substantial justice was not done between the parties (see CCA 1804, 1807). Plaintiff testified that, during his tenancy, defendants never gave him the required written notice of his security deposit's banking information (see General Obligations Law § 7-103 [2]). Since defendants have not demonstrated that they otherwise held the security deposit in trust (see Finnerty v Freeman,176 Misc 2d 220 [App Term, 2d Dept, 9th & 10th Jud Dists 1998]), and plaintiff demonstrated that defendants eventually provided the name of the bank where the deposit was held, defendants' failure to comply with General Obligations Law § 7-103 (2) created an inference that defendants violated General Obligations Law § 7-103 (1) by commingling plaintiff's security deposit funds with their personal funds (see Milkie,143 AD3d at 864; Paterno, 75 AD3d at 628). While plaintiff acknowledges that defendants provided the name of the bank after plaintiff vacated, this was not sufficient to rebut the commingling inference or cure the defect (cf. Harlem Capital Ctr., LLC v Rosen & Gordon, LLC, 145 AD3d 579 [2016]). Therefore, defendants forfeited the right to retain any portion of plaintiff's security deposit (see Paterno, 75 AD3d at 628). 
To the extent that defendants took the position at trial that they did not have to comply with General Obligations Law § 7-103 (2-a), that subdivision is not relevant as the written notice requirement and commingling inference arise under General Obligations Law § 7-103 (1) and (2). As the Civil Court did not provide a basis for its award of $750 and in the absence of any evidence that defendant "willfully violate[d]" General Obligations Law § 7-108 (1-a) (a-e) (see General Obligations Law § 7-108 [1-a] [g]) so as to warrant an award of punitive damages, plaintiff has only demonstrated his entitlement to recover the balance of his security deposit. Thus, we increase the [*3]$750 awarded in the judgment by adding the sum of $813.31 thereto, for a total principal judgment amount of $1,563.31. 
Accordingly, the judgment is modified by increasing the award in favor of plaintiff to the principal sum of $1,563.31.
OTTLEY, J.P., MUNDY and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 26, 2023