Abarrotes Mixteca Corp., Inc. v Brisk (2025 NY Slip Op 00034)

Abarrotes Mixteca Corp., Inc. v Brisk

2025 NY Slip Op 00034

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 651199/17 Appeal No. 3400-3401 Case No. 2023-04641, 2024-01873 

[*1]Abarrotes Mixteca Corp., Inc., Plaintiff-Appellant,
v
Eliot Brisk et al., Defendants-Respondents.

5000 Grand, LLC, Counterclaim Plaintiff-Respondent,
v
Guillermo Iglesias, Third-Party Defendant-Appellant.

Law Office of Thomas A. Farinella, P.C., New York (Thomas A. Farinella of counsel), for appellants.
Suslovich & Klein LLP, Brooklyn (Mark M. Kranz of counsel), for respondents.

Judgment, Supreme Court, New York County (Louis L. Nock, J.), entered August 4, 2023, awarding defendant landlord 5000 Grand, LLC a total amount of $268,911.89, and bringing up for review an order, same court and Justice, entered June 15, 2023, which, to the extent appealed from as limited by the briefs, granted the landlord's motion for summary judgment on its counterclaims for unpaid real estate tax escalations (first counterclaim) and water charges (second counterclaim) as against plaintiff tenant Abarrotes Mixteca Corp., Inc. and as to liability against third-party defendant guarantor Guillermo Iglesias on the guaranty, granted so much of the tenant's cross-motion for summary judgment on its claim to recover the security deposit, and denied so much of the cross-motion as sought to dismiss the counterclaims and the landlord's third-party complaint against the guarantor and to amend the pleadings, unanimously modified, on the law, to reduce the judgment by the amount of statutory interest that accrued from June 1, 2016 on the tenant's claim for the return of the security deposit, to reduce the award to the landlord on its counterclaims for additional rent to those amounts that accrued on or after September 13, 2013, and to remand for further proceedings for the proper calculation of these amounts, and otherwise affirmed, without costs. Appeal from the aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court properly awarded summary judgment to the landlord on its counterclaims and on the third-party claim for unpaid additional rent under the parties' leases and guaranty. Neither paragraph 17 nor paragraph 28 of the first lease requires the landlord to serve notice of the tenant's failure to pay rent or additional rent. Nor did any provision of the first and second leases create an express or implied condition precedent requiring the landlord to notify or demand that the tenant pay its proportionate share of the real estate tax escalations or water charges, which were specifically set forth in each of the leases. Although the better course would have been for the landlord to charge the tenant contemporaneously for those amounts of additional rent, the leases did not require the landlord to calculate and apprise the tenant of the amounts due (compare Mount Sinai Hosp. v 1998 Alexander Karten Annuity Tr., 110 AD3d 288, 298 [1st Dept 2013]). Contrary to the tenant and the guarantor's contention, the guarantor expressly waived all notice of lease defaults under his guaranty.
However, the landlord's recovery should have been limited to the amounts that accrued within the six-year statute of limitations. As an initial matter, although the tenant should have raised the limitations period in its cross-motion, it is a purely legal argument that is clear on the face of the record and preserved in the tenant's answer, and therefore it may be considered here (see e.g. Board of Mgrs. of 100 W. 93 Condominium [*2]v 660 Columbus Retail Owner, 227 AD3d 458, 459 [1st Dept 2024]).
As to the merits, although the motion court awarded the entirety of the amounts of unpaid additional rent going back to 2006, the landlord's inexplicable delay in asserting these counterclaims until September 13, 2019 rendered the amounts that accrued before September 13, 2013 time-barred (CPLR 213[2]). The law is well settled that the statute of limitations on breach of contract claims begin to run "when the party that was owed money had the right to demand payment, not when it actually made the demand" (Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765, 771 [2012]). Because the limitations period cannot be extended "by simply failing to make a demand" (id. [internal quotation marks omitted]), the judgment must be reduced to include only those amounts that accrued on or after September 13, 2013, and we remand for the calculation of the proper award and commensurate reduction in statutory interest.
As to that branch of the tenant's cross-motion to amend the complaint to conform to the evidence that the landlord commingled the security deposit, Supreme Court providently denied leave to amend, as the proposed new claims — conversion and breach of fiduciary duty — were duplicative of the claim for the security deposit (see e.g. Chowaiki & Co. Fine Art Ltd. v Lacher, 115 AD3d 600, 600 [1st Dept 2014]; Richbell Info. Servs., Inc. v Jupiter Partners, 309 AD2d 288, 306 [1st Dept 2003]).
The landlord's commingling of the security deposit with its own monies deprived the landlord of any right "to avail himself of the deposit for any purpose" (Paterno v Carroll, 75 AD3d 625, 628 [2d Dept 2010]). Although the commingling did not relieve the tenant of its obligation to pay the additional rent charges, the tenant should have been awarded statutory interest on the claim for the security deposit rather than just a straight offset for the base amount, and we remand for the calculation of that amount of statutory interest to be deducted from the judgment awarded to the landlord (id.).
We have considered the tenant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025